## CLARKE CONST. CO. et al. v. UNITED STATES, for Use of WILLIAM F. JOHNSON LUMBER CO.

(Circuit Court of Appeals, Seventh Circuit. May 25, 1923.)

No. 3252.

1. Damages ⬯45—Expenses held element of damages for breach of contract.

   Under a counterclaim for damages for breach of contract by plaintiff as subcontractor to furnish the mill work for a government building, which provided that it should be furnished at such times as to prevent delay in the work, where there was evidence of delays in violation of the contract, claims for foreman's wages during such delays, interest on money retained by the government, loss of return insurance premiums, increased labor cost, etc., are not for profits, but are legitimate items of damages.

2. Damages ⬯177—Testimony as to increased labor cost held admissible.

   On the question of increased labor cost of installing mill work in a building because of delay in furnishing it, testimony of the previously estimated cost and the actual cost is admissible.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Contracts ⬅⟿324(1)—Remedy given for breach held not exclusive.**

A provision in a contract giving one party the right to cancel it in case of breach *held* not an exclusive remedy, and not to preclude recovery of damages for breach.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action at law by the United States, for the Use of the William F. Johnson Lumber Company, against the Clarke Construction Company and another. Judgment for plaintiff, and defendants bring error. Reversed.

Charles Troup, of Danville, Ill., for plaintiffs in error.

Walter T. Gunn, of Danville, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Defendant in error the lumber company (here called plaintiff), contracted with plaintiff in error, the construction company (here called defendant), to furnish defendant mill work for the Hoopeston post office. Defendant, to a suit for a balance claimed to be due under the contract, pleaded the general issue, and, under the Illinois statute, notice of set-off of damages for a breach of contract. Defendant stipulated amount due plaintiff, without prejudice to the right of set-off. At the close of defendant's evidence to establish the set-off, the court directed a verdict for plaintiff.

To justify the court's instruction, plaintiff urges that there was not shown: (1) Any breach; (2) any recoverable damages; (3) that the contract provided the sole remedy for any breach.

[1] 1. By section 3 of the contract, plaintiff agreed "to complete the several portions and the whole of the work herein sublet in such manner and at such times as to prevent delay, inconvenience or loss." There was uncontradicted evidence of numerous delays that showed a breach and presented a jury question.

[2] 2. Damages claimed, under notice filed with the general issue, were foreman's wages, interest on money retained by the government, loss of return insurance premiums by delayed cancellation, additional labor cost, additional office expense, interest, and depreciation in equipment. That losses of such a character do not represent profits, and are not speculative, as claimed, is apparent. Items, many of them identical in kind with those here claimed, were allowed in Modern Steel Structural Co. v. English Const. Co., 129 Wis. 31, 108 N. W. 70. See 9 Corpus Juris, p. 791, par. 133, and note. It is urged, as against the additional labor cost, that it was not established, because the witness said he "arrived at it by taking into consideration what the mill work actually cost him to install it, and what he estimated it would cost to install it." That method is unobjectionable. Guerini Stone Co. v. Carlin, 240 U. S. 264, 280, 36 Sup. Ct. 300, 60 L. Ed. 636, and cases cited.

[3] 3. The urge that the following clause, part of section 3, viz.:

⬅⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

290 F.—13

"Upon failure to do as above the contractors may after five days' written notice terminate this agreement or relet the work, at the least terms offered, at the expense of the subcontractor,"

provides an exclusive remedy, is without merit. Section 7 reads:

"All loss sustained by the contractors by reason of the subcontractor's disregard or violation of these agreements shall be paid by the subcontractors and nothing herein shall be construed as releasing the subcontractors from full liability for all damages sustained by reason of such failure."

See United States v. U. S. Fidelity Co., 236 U. S. 512, 526, 35 Sup. Ct. 298, 59 L. Ed. 696; 9 Corpus Juris, p. 812, par. 151.

The evidence above quoted, together with much other evidence in the record, was sufficient to require that the questions be submitted to the jury.

The judgment is reversed.