## BORG v. JAHNCKE SERVICE, INC.

(May 27, 1929. Opinion and Decree.)
(November 18, 1929. Rehearing Granted.)

H. W. Robinson and H. M. Robinson, of New Orleans, attorneys for plaintiff, appellee.

Henry & Cooper and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues for damages sustained by his Chevrolet automobile when it was run into from the rear by a truck of defendant, while parked alongside the curb in front of plaintiff's residence in Fontainebleau Drive. Defendant's truck was attempting to pass plaintiff's car, and,

when it had reached a point about five feet in the rear of it, but near enough to the middle of the street to clear it, a touring car belonging to Dr. Leidenheimer and driven by his 15 year old son, attempting to pass between the truck and the neutral ground, struck the left front hub of the truck and caused it to swerve to the right and into the parked Chevrolet.

According to plaintiff, the Chevrolet sustained damages amounting to $149.01. Defendant, however, claims that the damages could be entirely repaired for $100.

Of course plaintiff was in no way at fault. His car was parked where he had a right to leave it and it was within a few inches of the curb, so that it cannot be argued that it was in a dangerous position, and, since Dr. Leidenheimer was not made a party defendant, the sole question involved is whether or not defendant's driver was negligent.

Defendant contends that the fault was entirely in the driver of the Leidenheimer car.

Plaintiff asserts that the truck driver had not seen the Chevrolet in time and had suddenly pulled to the left to avoid it, not noticing that the Leidenheimer car was passing on that side, and that, on striking the Leidenheimer car, the truck suddenly swerved away from it and ran into the Chevrolet. The street, at the point at which the collision occurred, is 20 feet 2 inches from curb to curb. The truck was 6 feet 1 inch wide from hub to hub. The Chevrolet was 5 feet 6 inches wide, and the Leidenheimer car, a Stearns-Knight, was 5 feet 9 inches wide. It thus appears that the total width of the three cars was 2 feet 10 inches less than the total width of the street.

It seems to us that there was not sufficient margin to allow for the safe passage of the two moving cars, while abreast of the standing car.

The evidence leaves us convinced that the cause of the sudden swerve of the truck to the right was the blow which it received on its left front hub from the Leidenheimer car, the speed of which was considerably in excess of that of the truck. We cannot find in the evidence anything which indicates that the driver of defendant's truck was not looking, or that he carelessly swerved into the Leidenheimer car, or back into the Chevrolet car.

It is argued that the blow which the Leidenheimer car struck the hub of the truck was not of sufficient force to cause the truck driver to lose control of his steering wheel. This argument, however, seems to be overcome by the testimony of Dr. Daniel Elliott, professor of physics at Tulane University, who examined both vehicles after the accident, and who testifies that, in his opinion, the blow which caused the dent in the fender of the Leidenheimer car was of sufficient force, when exerted on the hub of the truck, to cause the truck to swerve to the right.

It is manifest that plaintiff was most anxious to fasten liability on defendant and to have it appear that the Leidenheimer car was in no way at fault. Had plaintiff sued both parties, he might have recovered, but for reasons best known to himself, he failed to join Leidenheimer as a co-defendant. Be that as it may, he cannot prevail in this suit, as it appears to us that he has sued the wrong party. Furthermore, his testimony is exaggerated in some particulars. For instance, he says his Chevrolet was knocked 50 or 60 feet, whereas the testimony of the other wit-

nesses shows conclusively that it was knocked only about five or ten feet.

Another matter which we cannot overlook is that Dr. Leidenheimer's son was only 15 years old, which is below the limit fixed in the traffic ordinance (No. 7490, Commission Council Series) for automobile drivers. Of course, this may have had no causal connection with the accident, but we feel that it justifies us in scrutinizing very closely the testimony as to the negligence of the boy.

Since there was not room for the two vehicles to pass safely at high speed, it appears to us that the fault which caused the accident must have been in the driver of that vehicle which came up from the rear, and which attempted to squeeze its way through, after the first vehicle was practically abreast of the standing Chevrolet. Had this second car not attempted to force its way through, it is manifest that the truck would have passed the Chevrolet car without hitting it. It therefore follows that the reason for its swerving into the Chevrolet car was the blow which it received from the other automobile.

It is argued by plaintiff that if the hub of defendant's truck extended beyond the line of the fender, this in itself constituted negligence. We do not think so, as the slight extension was not sufficient to create a danger, except to one approaching too close to its side.

We believe that the trial court was in error in holding the defendant liable.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit at his cost.