BORG v. JAHNCKE SERVICE, INC.

(November 18, 1929. Opinion and Decree.)

HIGGINS, J. This is a suit to recover damages as a result of defendant's Mack truck running into the left rear side of plaintiff's Chevrolet car. The petition alleges that the defendant, through its agent, was guilty of negligence, first, in driving into the plaintiff's parked automobile in open view; second, in driving the truck at such a high and dangerous rate of speed that the driver was unable to stop it before it struck plaintiff's car, and, third, in operating the truck when the brakes were in such bad condition and lack of repair that the driver could not stop the truck properly.

Defendant denies liability and that it was guilty of carelessness as alleged in the petition. It specially pleads that, as the truck neared the point where the Chevrolet was parked and was about to pass it, a Stearns-Knight touring car owned by Dr. Henry Leidenheimer, and operated by his minor son, attempted to pass the truck on its left side; that when partly clear of the truck, it suddenly and negligently swerved to the right, causing the right rear fender of the touring car to strike the left front hub cap of the truck, wrenching the steering wheel from the driver of the truck, who thereby temporarily lost control of the truck, which crashed into the left rear side of the parked Chevrolet; that the collisions were caused by the fault of the driver of the Stearns-Knight car and that defendant's driver was not guilty of negligence. Defendant further denied that the repairs to the Chevrolet car were necessary and reasonable.

There was judgment in favor of plaintiff for $149.01 and defendant appeals.

The case is now before us on rehearing, this court (122 So. 900) having reversed the judgment of the trial court in the original opinion on the ground that the negligence of the driver of the Stearns-Knight car was the proximate cause of the accident.

Plaintiff elected to sue the owners of the truck, but not the owner of the Stearns-Knight car, and the sole question before the court is whether or not the driver of defendant's truck was guilty of negligence which contributed to and caused damage to plaintiff's car.

The record shows that on October 13, 1928, at 2 p. m., defendant's two and one-half ton Mack truck, loaded with two yards of lake shore sand, was proceeding on the right-hand side of Fontainebleau Drive in the direction of Carrollton Avenue. Fontainebleau Drive has a neutral ground in the center with a one-way street on each side. The width of the street in question was twenty feet two inches; the width of the Chevrolet car from fender edge to fender edge (over all) was 5 feet 6 inches; of the Jahncke truck, from hub to hub (over all), 6 feet 1 inch; of the Stearns-Knight car from fender edge to fender edge (over all), 5 feet 9 inches. The Chevrolet car was parked about 50 or 60 feet from the corner of Lowerline Street on Fontainebleau Drive, facing in the direction of Carrollton Avenue, and about 3 inches from the right hand curb. It is not contended that plaintiff was in any way at fault.

The Mack truck was in charge of a colored man who had been in the employ of defendant company about 6 years, and he testifies that he was running at a rate of about 15 miles per hour before and at the time of the accident, and that he was traveling near the center of the street on Fontainebleau Drive in the direction of Carrollton Avenue. The Stearns-Knight car, driven by Dr. Henry Leidenheimer's minor son, was proceeding in the same direction, on the same side of the street. While attempting to pass the Mack truck on its left side,—which had come within a distance of about 5 feet of the parked Chevrolet car,—the right rear fender of the Stearns-Knight car came in contact with the left front hub of the truck. The evidence shows that this hub protruded 3 inches beyond the fender of the truck and contained a small meter, which registered the trip mileage of the truck. Just one and a half inches of this hub cap struck the fender, causing it to tear out the two bolts that held it to the end of the wooden running board. It appears that this end of the board was in a de-

cayed condition, and as the blow pulled the bolts in the direction of the grain of the wood, through the end of the running board, about 1 inch, we are satisfied that it was not an extraordinary blow that caused the dislodgment of the bolts. The truck driver testified that the blow on the hub cap caused him to lose control of the steering wheel of the truck temporarily, with the result that it crashed into the right rear side of the parked Chevrolet.

The truck driver further testifies that he did not hear the driver of the Stearns-Knight car sound his horn, as a signal that he was about to pass him. However, the preponderance of the evidence is to the effect that such signal was given several times and that the driver of the truck pulled· to the right sufficiently to permit the Stearns-Knight car to pass on his left. While it is true the truck driver testifies that he pursued a straight course, and that it was only the negligence of the driver of the Stearns-Knight car pulling to the right prematurely that caused the contact between the truck and the touring car, and that this was done so suddenly that he did not have an opportunity of avoiding the accident, the preponderance of the evidence and the physical facts convince us that it was caused by the negligence of both drivers.

In spite of the narrowness of the road and the fact that, when the cars would pass each other, they would be in very close proximity, both drivers carelessly and negligently attempted to pass the parked Chevrolet car simultaneously. They both saw or should have seen the Chevrolet car. The Leidenheimer car was being driven at a rate of speed of 25 miles an hour, while attempting to go around the truck. The truck was going at about 15 miles per hour and was heavily loaded, the weight of truck and load totaling 9,000 pounds. The driver of the truck testifies that he proceeded straight on his course, without slackening his speed. The evidence shows that he knew of the approach of the Stearns-Knight car, which had properly signaled him on its approach, yet he made no effort to slacken his speed, but attempted to pursue a course which would permit the Stearns-Knight car to pass the truck at the same time the truck was about to pass the parked Chevrolet car. The protruding hub cap was on the side where the Stearns-Knight car was passing and the truck driver knew of this unusual protruding part. The evidence convinces us that the Stearns-Knight car was as close to the neutral ground curb on its left side as it could possibly go. We find that the Stearns-Knight car did not suddenly pull in front of the truck after the front part of it had passed the truck, because the road was clear in front of the Stearns-Knight car and there would have been no reason to suddenly swerve to the right. However, the driver of defendant's truck admits that the Chevrolet car was just 5 feet to the right in front of him. The path of the truck was partially obstructed by the parked car on the right, and by just pulling slightly to its left, would have caused the truck hub to strike the fender of the Stearns-Knight car.

We, therefore, have reached the conclusion that defendant's driver was guilty of carelessness and negligence in attempting to drive a heavy 9,000 pound loaded truck at 15 miles per hour in such close proximity to the cars in question, especially since he knew of the unusual protruding hub on the truck. The driver of the truck should have proceeded on the left side of the road when approaching the Chevrolet car and not yielded the right of way to the Stearns-

Knight car. Once he yielded the right of way, if there was not room enough for two cars to pass the parked Chevrolet simultaneously, he should have slackened his speed, or stopped the truck.

As to the quantum of damages, the evidence shows that this heavy loaded truck struck the Chevrolet car with great force, causing considerable damage, and that it was repaired by the Chevrolet agency. We find that the repairs were necessary and that the charges therefor were reasonable.

It is therefore ordered, adjudged, and decreed that the original decree of this court, reversing the judgment of the trial court be and the same is hereby recalled and set aside, and it is now ordered, adjudged, and decreed that the judgment of the trial court be and the same is hereby affirmed, at the cost of appellant.