On the former appeal, Wunderlich v. State Highway Commission,183 Miss. 428, 184 So. 456, the main principles to be applied were stated. Upon the return for trial, the court appointed a master who conducted a full hearing. Thereafter he made a preliminary report to which both sides filed elaborate exceptions, which having been heard and argued, the master made his final report. The final report was approved by the chancellor substantially as made by the master.
The litigation arose out of the fact that the Highway Commission failed to procure the right of way for the large bridge, the right of way not having been furnished until 105 of the 200-contract days had elapsed. The bridge subcontractor, Johnson, was thereby delayed, with the consequences as set forth in the opinion on the former appeal.
[1] In his final report the master said: "If the right of way had been secured the probabilities are that Johnson could have completed the three bridges after he moved on the job within the contract time." In that finding lies the gist of the case, and the finding is supported by proof; and so being it has the force of a verdict by a jury. Hines v. Imperial Naval Store Co., 101 Miss. 802, 58 So. 650. The master does not say what he meant in that connection by the contract time, but from expressions found in other portions of his report, it is ascertained that he figured that the contract time was 168 days from the date of the subcontract, which was December 27, 1933. If so, the 168 days, excluding Sundays and holidays, would not have taken the subcontractor until August 18, 1934.
[2] As a matter of fact, under the proof, 148 working days were actually used in the bridge work, or 20 days less than the 168 contract days. Applying these actual days as of February 19, 1934, when Johnson entered upon the work, he still would probably have finished it before August 18th, had the right of way been furnished as required by the contract, and had there been otherwise no interference with him by the agents of the Commission. And all this means that the Highway Commission was due to take over the maintenance on and after September 18, 1934, and is liable to the principal contractor for the expenses put out by him for the maintenance after that date, as well as for the expenses of the 22- day shut-down ordered by the Commission before that time, as to which we agree with the master that no pyramiding is involved in those two periods.
We find no item in the allowances or disallowances by the master in regard to which we can say there is manifest error, except that we are of the opinion that there is no substantial basis for the deduction made by him of $1,311.17. This deduction is in conflict with the salient finding above quoted and otherwise stands upon no maintainable ground. It was arrived at by taking *Page 454 
the difference in the number of working days from the work date of the original contract to the actual date of the subcontract and using this figure as a numerator, when, as a matter of undisputed fact, this period had no sort of causal connection with what subsequently happened, in so far as the bridge work was concerned. This sum, $1,311.17, will be restored and a decree will be entered here in favor of appellee as cross-appellant for the principal sum of $4,594.78 plus $1,311.17, amounting to a total of $5,905.95, as of January 11, 1935.
The master and the chancellor allowed interest at the legal rate from the last mentioned date, and in this we think they were correct. The conclusion follows inescapably from what was said in the former opinion, unless that opinion is to be modified, and this we must decline to do.
The decree of the chancery court will be affirmed, but with the modification that the principal sum of the recovery shall be $5,905.95 without deductions, and that interest on that sum at 6% per annum from January 11, 1935, to date of payment shall also be recovered, costs to be allowed as provided in the chancery decree.
Affirmed as modified.