STATE HIGHWAY COMMISSION v. WUNDERLICH.

ON SUGGESTION OF ERROR.

(Division B. Jan. 18, 1943.)

[11 So. (2d) 437. No. 35136.]

120

For former opinion, see 10 So. (2d) 453.

**Greek L. Rice**, Attorney-General, by **Russell Wright**, Assistant Attorney-General, and **Green & Green** and **E. R. Holmes, Jr.**, all of Jackson, for appellant, on suggestion of error.

**Alexander, J.**, delivered the opinion of the court.

Appellant suggests a re-examination of the question of liability of the State Highway Commission for the extra compensation allowed by the trial court and affirmed by us. 10 So. (2d) 453. It is argued that to allow a recovery of interest and costs against appellant as an instrumentality of the state is to ignore prior decisions including Josselyn v. Stone, 28 Miss. 753; Board of Supervisors of Warren County v. Klein, 51 Miss. 807; Board of Supervisors of Clay County v. Board of Supervisors of Chickasaw County, 64 Miss. 534, 1 So. 753; Anderson v. Board of Sup'rs of Issaquena County, 75 Miss. 873, 23 So. 310; Moore v. Tunica County, 143 Miss. 839, 108

So. 900; City of Natchez v. McGehee, 157 Miss. 225, 127 So. 902; State Highway Commission v. Mason, 192 Miss. 576, 4 So. (2d) 345, 6 So. (2d) 468; Boston Sand & Gravel Co. v. United States, 278 U. S. 41, 49 S. Ct. 52, 73 L. Ed. 170; and Shewan & Sons v. United States, 267 U. S. 86, 45 S. Ct. 238, 65 L. Ed. 527.

Interest may be of two kinds, that which is charged or contracted for as rental or compensation for the use of money, and that which is chargeable as additional recompense for detention of a debt. The former is usually provided for and fixed by contract or statute; the latter may be included as a factor in estimating the extent of damages in breach of contract. 33 C. J. 183; 30 Am. Jur. Interest, Sec. 8; 25 C. J. S., Damages, sec. 52, p. 537. It is not necessary for us, therefore, to respond to appellant's contention in view of the fact that the allowance designated in the report of the master and adopted by the trial court was added by way of additional damages so as to take into account the added loss incident to its detention and to preserve the adequacy of its compensation against depreciation by a continued denial of its use to appellee.

This court has always recognized the right in proper cases to allow interest, on claims for unliquidated damages, on the amount of damages established upon breach of contract. Foster & Co. v. Fulton Bag & Cotton Mills, 159 Miss. 217, 131 So. 415. See also Illinois Cent. R. Co. v. Haynes, 64 Miss. 604, 1 So. 765; Miller v. Robertson, 266 U. S. 243, 45 S. Ct. 73, 69 L. Ed. 265; Clarke Construction Co. v. United States, 7 Cir., 290 F. 192. Such allowances are not of interest eo nomine but as added compensation.

Such added compensation being a proper incident of damages in the case of contracts between individuals it becomes allowable likewise as against the appellant here. See former opinion, 183 Miss. 428, 184 So. 456. Regardless of whether the state eo nomine is subject to suit or liable for interest as of course, the State Highway Commission

has been established as a body corporate subject to suit (Code 1930, sec. 5006), and has in effect been capitalized by grant of extensive funds for the purpose of constructing and maintaining roads and highways throughout the state. These functions, together with its other multiple privileges and responsibilities, regardless of whether they divest the Commission of such attributes of sovereignty as are alleged still to inhere in it, operate to invest it with the character of a private corporation to the extent that it is subject to liability for all compensatory damages established as a result of its breach of contract. Its liability for costs in such suits is equally clear. The implications of our former opinions (183 Miss. 428, 184 So. 456; and 10 So. (2d) 453) are thus made definite. See Leflore County v. Allen, 80 Miss. 298, 31 So. 815; Standard Oil Co. of N. J. v. United States, 267 U. S. 76, 45 S. Ct. 211, 69 L. Ed. 519; State ex rel. State Highway Commission v. Bates, 317 Mo. 696, 296 S. W. 418; Arkansas State Highway Commission v. Dodge, 181 Ark. 539, 26 S. W. (2d) 879; 59 C. J. 313.

We do not allow the so-called interest as of course but affirm the allowance thereof by the trial court as a proper element of such compensatory damages.

Suggestion of error overruled.