EDWARD E. MORGAN CO. *v.* STATE HIGHWAY COMMISSION.

Division B. Nov. 12, 1951.

No. 38076 (54 So. (2d) 742)

W. Harold Cox, for appellant.

506

**Matthew Harper,** Assistant Attorney General, **Over-street & Kuykendall,** and **Lotterhos & Dunn,** for appellee.

510

**Alexander, J.**

Appellant brought suit against the appellee, hereafter referred to as the Commission, in the aggregate sum of $68,349.42, which amount was later enlarged by amendment. The action is under a contract for construction work upon 5.04 miles of right of way in Choctaw County. The agreed time for completion was one hundred and fifty working days, which period would have expired May 2, 1947, but for a credit of thirty-eight days which were not charged against the contractor. The work overran this period by eighty-three working days. Recovery is sought for loss of use or rental upon a substantial amount of heavy construction equipment which allegedly was rendered idle and without use due to the presence of electric poles along the route. It was alleged to be the duty of the Commission to arrange for their prompt removal.

It is agreed that but for certain alleged credits claimed by the Commission, there was a balance due under the contract upon its completion of $4,054.53. Credits were set up against this balance, amounting to $2,355.51, charged as engineering expense incurred by the Commission on account of the overrun in the completion time. A tender of the difference in the amount of $1,699.02 was rejected by the contractor. Further claim was made for interest upon the balance so withheld. There is no contention that in a proper case such engineering expense may be charged where made necessary by a failure to perform the contract. The basis for attack upon this charge against, or credit upon, the balance due, is the same as that asserted to support the claim for loss of use or rental of the idle equipment.

We examine first the claim for loss of use of the equipment. Section 22.02 of a booklet entitled ''Mississippi Standard Specifications for Road and Bridge Construction'' issued by the State Highway Department and dated January 9, 1940, contains the following paragraph: ''Buildings, structures, fences, pipe lines, pole lines, and other public utilities and private improvements, that would interfere with the construction and which are to be removed by the owners or the State, will not be held as a charge or responsibility of the Contractor except that the Contractor waives any and all claims for interference, delay, or damage on account of their removal or non-removal.''

Section 4.06 of said book contains the following paragraph: ''Removal and Disposal of Structures and Obstructions. All buildings, public utilities, or other private and public improvements, which are to be removed from the right-of-way and replaced or reconstructed at new locations, shall be removed by the Department or by the owners under a separate agreement. It is anticipated that such obstructions will be removed and disposed of in advance of construction operations. In the event the obstructions to be moved by the owners or the Department are not out of the way by the time set for commencing work, the Contractor shall not interfere with said property but shall notify the Engineer of such conflicts with construction in order that prompt arrangements may be made for their removal.''

Section 9.02 is also in point. It is as follows: ''Scope of Payment. The compensation, as herein provided, constitutes full payment for the complete work, including all material, labor, tools, and equipment necessary for performing all work contemplated and embraced under the contract; for all loss or damage arising out of the nature of the work; for all loss from the action of the elements, except as otherwise provided; for any unforeseen difficulties or obstructions which may arise or be encountered during the prosecution of the work until its

final acceptance by the Engineer; for all risks of every description connected with the prosecution of the work; also, for all expenses incurred by or in consequence of suspension or discontinuance of the work as herein specified, * * *''.

If the above sections are made part of the contract, a claim for loss of use by such delay could not be sustained. Appellant contends that the provisions of Section 22.02 are not properly to be classed as specifications, such term being restricted in its application to details of construction, and substantial authority is invoked to support such view. It is sought, by classifying the latter part as a waiver, to exclude it from the field of construction details. Yet this sentence is effectually tied in with a reference to the removal of obstructions, particularly power poles, which, appellant insists, are to be removed in compliance with the same contract. The quoted section appears in the book of Standard Specifications under Division 2, titled Construction Details, and under a sub-title, Construction Methods. However, the actual contract executed by the appellant contains upon its front page in bold type the following:

"Note

"Standard Specifications for Road and Bridge Construction Adopted January 9, 1940, by the Mississippi State Highway Department and approved by the Commissioner of the U. S. Public Roads Administration are made a part hereof fully and completely as if attached hereto, except where superseded by the Special Provisions, or amended by Revisions of the Specifications contained herein."

Both the contract and the bond of appellant refer to the proposal, the specifications and the revision of the specifications, the special provisions, and also the plans as being integrated into and made a part of the contract. The proposal states: "The Specifications are the Standard Specifications of the Mississippi Highway Department

(approved and adopted January 9, 1940)." Appellant conceded in his testimony that the book of specifications is part of his contract. ██ ██ He offered to testify that Section 22.02 was not called to his attention and that he was not familiar with it and an error is assigned for the action of the court in sustaining an objection thereto. This ruling was correct and we hold further that ██ ██ this section was part of his contract and precludes a recovery for the item of loss of equipment use and rental. The trial court instructed the jury to exclude this item from consideration and refused instructions to the opposite effect, requested by the defendant. We find such course proper. We need not, therefore, examine the appellee's contention that there was not sufficient proof of a causal connection between the delay in having the poles removed and the asserted loss, or that such loss, if recoverable, was not satisfactorily proved.

In view of the undertaking—which from the angle of the appellant is unfortunately informal—to see that the poles were removed, it is not difficult to build a plausible semblance of estoppel against the Commission whose alleged delay in effecting such removal culminated in charges for engineering expenses incurred thereby. Beneath the surface of this contention difficulty may lie, since a contrary view would make it possible for the Commission unreasonably to delay the exercise of its powers to compel removal of obstructions under Code 1942, Section 8038(f) or under Section 4.06 of the Standard Specifications, thereby laying the foundation for unreasonable engineering expense.

However, we need not solve this problem since instructions were procured by the contractor forbidding such charges as were incurred as a result of delay caused by the Commission. Indeed the jury unquestionably followed these instructions, since the credit of $2,335.51 claimed by the Commission was reduced to $1,054.53, resulting in a verdict for the contractor in the amount of $3,000. The Commission conceded in its seventh instruc-

tion that the only issue remaining was the item of engineering expense.

The peremptory charge to find for the full amount of the balance otherwise due under the contract in the sum of $4,054.53 was properly refused.

An instruction was given the Commission excluding interest as an item of appellant's claim. Instructions for the contractor were refused which authorized such allowance. We find that the ruling of the court was proper in both instances. We are not dealing with a case brought by a plaintiff against one of the agencies of the State under Section 17 of the Constitution of 1890 for damaging property for public use. This was the situation in State Highway Commission v. Mason, 192 Miss. 576, 4 So. (2d) 345, 6 So. (2d) 468, where the loss of use of the amount represented by the damage was declared to be included in the definition and import of "due compensation."

The nonliability of the State or its subdivisions for interest is well-settled. Our latest expression is found in Moorhead Drainage District v. Pedigo, 210 Miss. 284, 49 So. (2d) 378. But it is argued that an allowance of interest was permitted against this same Commission in State Highway Commission v. Wunderlich, Miss., 10 So. (2d) 453; Id., 194 Miss. 119, 11 So. (2d) 437. The additional charge there allowed was not conventional interest as authorized by our statute but was permitted as damages or added compensation and not as of course. If it be argued that this is the gist of the definition of interest, eo nomine, and that there results only a play upon words, the answer is found in the fact that legal interest, properly so called, is six percent, and while damages may be computed upon such basis as an analogy, it does not automatically follow as a necessary legal incident or in any particular amount. The refused instruction was peremptory as to the inclusion of "interest on all sums due the plaintiff", etc., and the instruction given to the Commission denied the right to "recover

any item by way of interest''. The right to recover some additional amount to be fixed by the jury as damages was not presented.

The voluminous record of testimony has been carefully examined but our conclusions are based upon legal and not factual issues, and no extended discussion is undertaken.

Answer to the other assignments is to be found in the conclusions here reached. We find no reversible error and the cause is affirmed.

Affirmed.

**Hall, J.,** took no part in decision of this case.