TERRELL, Justice.
Pursuant to Chapter 516, Florida Statutes, F.S.A., the Comptroller and the Attorney General, in their official capacity, instituted this suit against Colonial Acceptance, Incorporated, and Causeway Loan Company, Incorporated, Florida corporations, charging them with violation of the Small Loan Company Act. A temporary injunction was secured and a receiver was appointed to take charge of respondents. A motion to dismiss the complaint, dissolve the temporary injunction and discharge the receiver was denied. On certiorari to this court an order was entered directing the court below to dismiss the complaint and quash all orders predicated thereon. The court complied with said order but retained jurisdiction to tax costs including receiver’s fee. Colonial Acceptance, Inc., v. State ex rel. Ervin, Fla., 68 So.2d 588.
On motion of the receiver the lower court entered judgment for costs and receiver’s fee but retained jurisdiction to determine whether said fee should be taxed against the property subject to receivership, against the plaintiff or the defendants. September 30, 1954, the trial court entered an order assessing costs and receiver’s fee against the Comptroller and the Attorney General of the State in their official capacity. We are confronted with an appeal by certiorari from that decree.
The sole point for determination is whether or not the trial court committed error when he imposed the costs of this proceeding, including receiver’s fee, on the Comptroller and the Attorney General in their official capacity, the cause having been dismissed in favor of respondents.
The general rule is that in suits where the state is a party in its own courts, it is not liable for costs in the absence of an express statute creating such liability. In many states the statute makes it liable for costs in actions prosecuted in its name and for its use to the same extent that liability is imposed on private parties. Buckman v. Alexander, 24 Fla. 46, 3 So. 817, 818; 14 Am.Jur., Section 34, page 22, and 20 C.J.S., Costs, § 442, p. 688. We have no such statute in this state.
To support the chancellor’s holding petitioners rely on Miami Retreat Foundation v. Ervin, Attorney General, Fla., 66 So.2d 667; State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868; City of Winter Haven v. State ex rel. Landis, 125 Fla. 392, 170 So. 100, and other cases *683 from Texas, South Dakota and New York, which turn on statutory or constitutional provisions peculiar to those states and are not applicable to the case at bar. City of Winter Haven v. State ex rel. Landis was a quo warranto case and did not involve the question of costs. The point in State Road Department v. Tharp was whether or not it was a suit against the state as contemplated by Section 22, Article III of the F.S.A. Constitution and would not rule the case at bar. In Miami Retreat Foundation v. Ervin, relied on by the trial court, the Supreme Court was governed by Section 617.09, Florida Statutes, F.S.A., which, among other things, requires the attorney general to secure sufficient funds to cover costs and expenses of the litigation. It did not appear that the attorney general failed in this so the costs were imposed on him in his official capacity. It necessarily follows that none of these cases rule the case at bar.
Chapter 516, Florida Statutes, contemplates small loan companies to be affected with a public interest and to be supervised and regulated by the state. The comptroller is authorized to supervise them and may at any time, in person or by representative, examine their books, accounts, records and files. Section 516.11(1) and (2), Florida Statutes F.S.A. The latter provision requires the comptroller to examine the books, office and affairs of each small loan company at least once every year and the cost of such examination is to be paid by the company examined. Section 516.23, in addition to the foregoing, authorizes the comptroller on relation of the attorney general to bring an action in the circuit court against any small loan company, when he has reasonable ground to think the law is being violated to enjoin it from engaging in or continuing in violation of the law.
A reading of Section 516.11(1) and (2) in connection with Section 516.23, leaves no doubt of a legislative intent that the cost of all reasonable investigation of small loan companies should be paid by the company investigated. It is a fact that the investigation of respondents revealed no wrongdoing and was dismissed or ordered dismissed by. .this court, but there is no suggestion that the investigation w^s. arbitrary or unreasonable. To impose the costs on respondents results in an undue hardship on them but no provision of the law imposes such costs on the state and we are cited to no law; that would authorize the court to do so, despite the hardship on respondents.
It follows that certiorari must be and is hereby granted and the judgment 'appealed from quashed.
It is so ordered.
DREW, C. J., and SEBRING and BUFORD, JJ., concur.