101 So.2d 371 (1958)
Harry CORNEAL and Gertrude Corneal, his wife, Appellants,
v.
STATE PLANT BOARD, a Body Corporate under the Laws of the State of Florida, and Charles Poucher, Individually and as Agent for Said Board, Appellees.
Supreme Court of Florida.
March 21, 1958.
Walker & Walker and Allen E. Walker, Winter Haven, for appellants.
Richard W. Ervin, Atty. Gen., and Ralph E. Odum and John J. Blair, Asst. Attys. Gen., for appellees.
ROBERTS, Justice.
This cause is before the court on the petition of Harry Corneal and wife "to review judgment refusing to assess costs on appeal against appellees".
The Corneals, as appellants, successfully prosecuted an appeal to this court from a decree of the lower court entered in a suit for injunction filed by the Corneals against the State Plant Board and another. The lower court's decree upholding the validity of a regulation adopted by the Board was reversed by this court. See Corneal v. State Plant Board, Fla. 1957, 95 So.2d 1.
Pursuant to the mandate of this court, the appellants applied to the lower court for the taxation of costs on the appeal and contended that the costs should be taxed against the State Plant Board. The able Chancellor declined to do so on the ground, among others, that there was no statutory authority therefor, citing State ex rel. Ervin v. Colonial Acceptance, Inc., Fla. 1955, 80 So.2d 681, 682. We find no error here. In the cited case this court said:
"The general rule is that in suits where the state is a party in its own courts, it is not liable for costs in the absence of an express statute creating such liability. * * * We have no such statute in this state."
This general rule is applicable not only to "the state" as such, but also to state agencies. See 81 C.J.S. States § 234, p. 1345 and cases cited; State ex rel. State Social Security Commission v. Butler's Estate, 1944, 350 Mo. 14, 181 S.W.2d 768; *372 Murphy v. Limpp, 1940, 347 Mo. 249, 147 S.W.2d 420; Tracy v. Peterson, 1954, 1 Utah 2d 213, 265 P.2d 393; Maxwell v. Stalnaker, W. Va. 1957, 96 S.E.2d 907; Makofsky v. Department of Highways, 1944, 205 La. 1029, 18 So.2d 605, although it has been said that the rule "does not apply to a corporation acting as a governmental instrumentality where the statute creating the corporation has indicated an intention to subject it to the liability of an unsuccessful litigant for costs," Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 1942, 200 La. 990, 9 So.2d 389, 390, citing Reconstruction Finance Corp. v. J.G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. And cf. State Highway Commission v. Wunderlich, 1943, 194 Miss. 119, 11 So.2d 437, and State by Burnquist v. Fischer, 1955, 245 Minn. 1, 71 N.W.2d 161, holding that costs may be taxed against the state or its agency when it is suing or defending in a proprietary capacity rather than in its sovereign capacity.
We find no statute in this state that either expressly or by necessary implication authorizes the taxation of costs against the State Plant Board in a suit like this, where the Board is defending its regulatory measures adopted pursuant to legislative authority. So, despite the fact that the claim of the appellants makes a strong appeal to our sense of justice and fairness, their only remedy would seem to be an application to the Legislature for reimbursement by way of a Relief Bill. And it well may be that when this matter is brought to the attention of the Legislature, it will give serious consideration to the passage of a general law providing for such relief to all future litigants in a similar situation as has been done in a number of other states.
For the reasons stated, the lower court did not err in holding that the State Plant Board could not be taxed for the costs of the appeal. Insofar as the mandate of this court may be construed to the contrary, it is hereby modified.
The order here reviewed is affirmed.
TERRELL, C.J., and DREW and O'CONNELL, JJ., concur.
WIGGINTON, District Judge, dissents.
WIGGINTON, District Judge (dissenting).
I regretfully find myself in a position of disagreement with the holding expressed in the major opinion. It is my view that appellants are entitled to a judgment for the costs legitimately incurred by them in the successful prosecution of the suit brought to restrain the Board from destroying their property without payment of full compensation as required by the Constitution.[1] Support for this view is found in the reasoning of this Court in the Florida Livestock Board case[2] where interest on a judgment against the Board was allowed even though there was no specific Statute authorizing the payment of interest on a debt owed by the State. To like effect is the reasoning of this court in the Brigham case[3] where a judgment was allowed the defendant condemnee for expert witness fees paid by him in the defense of a condemnation proceeding brought by the county, although there was no specific Statute authorizing the allowance of such costs.
Despite the absence of a controlling Statute, and irrespective of any former opinions of this court, I would base my decision on the higher principle of plain moral justice.
When the general government acting through any of its many officers, boards, bureaus, commissions, departments or agencies, takes or threatens action calculated *373 to deprive a person of his property unlawfully and without the payment of just compensation, that person should be permitted to seek protection of the courts without suffering an undue penalty as the price thereof.
The costs of a successful proceeding instituted by one in the protection of his constitutional rights to restrain the unlawful exercise or abuse of governmental power should not fall on the threatened party, but on those whose action make the institution of the proceeding necessary. Such is the case now before the court. I would therefore reverse the order under review with directions to allow appellants a judgment for all taxable costs expended by them in the successful defense of their constitutional rights in this proceeding.
NOTES
[1] Section 12, Declaration of Rights, Florida Constitution, F.S.A.
[2] Florida Livestock Board v. Gladden, Fla., 86 So.2d 812.
[3] Dade County v. Brigham, Fla., 47 So.2d 602, 18 A.L.R.2d 1221.