## STATE BOARD OF FUNERAL DIRECTORS
### AND EMBALMERS FOR FLORIDA, et al v. VAN ORSDEL.
No. 60 C 5937.

Circuit Court, Dade County.

November 4, 1960.

Richard W. Ervin, Attorney General, Joseph C. Jacobs, Ass't. Attorney General, and Sam Spector, Special Ass't. Attorney General, for plaintiffs.

John H. Wahl, Jr., Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant.

GRADY L. CRAWFORD, Circuit Judge.

The members of the State Board of Funeral Directors and Embalmers for Florida filed the following —

COMPLAINT TO ENJOIN LICENSED FUNERAL DIRECTOR FROM ADVERTISING IN VIOLATION OF STATUTE AND RULE OF STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS FOR FLORIDA

COME NOW Edward C. Grissom, Jr., President, Robert M. Naugle, Secretary-Treasurer, J. A. Culley, II, J. O. Blackburn, Sr., C. Rowland Shannon and C. E. Cox, members, as and constituting the State Board of Funeral Directors and Embalmers for Florida, a state agency authorized and required to enforce Chapter 470, Florida Statutes, relating to the profession of funeral directing and embalming, and bring this complaint against C. D. Van Orsdel, doing business as Van Orsdel Mortuaries, a licensed Funeral Director and Embalmer, having his principal place of business at Miami, Dade County, Florida and alleges, avers and complains as follows:

1. That the Plaintiff, the State Board of Funeral Directors and Embalmers, is a state agency under the laws of the State of Florida, located at 406 Law Exchange Building, 238 East Forsyth Street, Jacksonville 2, Florida, and is required to enforce Chapter 470, Florida Statutes, relating to the practice of funeral directing and embalming in the State of Florida, together with Rules and Regulations duly promulgated by said plaintiff board pursuant to its statutory authority.

2. That the defendant, C. D. Van Orsdel, doing business as Van Orsdel Mortuaries, is and was at all times material to the cause herein a licensed funeral director and embalmer engaged in the profession of funeral directing and embalming in Miami, Dade County, Florida.

3. That the plaintiff board herein, did on March 11. 1957 duly promulgate and adopt pursuant to and in accordance with its statutory authority so to do, a body of Rules and Regulations of the State Board of Funeral Directors and Embalmers for Florida relative to the practice of the profession of Funeral Directing and Embalming by its said licensees in the State of Florida, one of whom said licensees is the defendant as hereinbefore alleged.

4. Among said Rules and Regulations above referred to and adopted was Rule 712 relative to advertising, a certified copy of which Rule is attached hereto and made part hereof as though recited herein in haec verba.

5. On December 14, 1959 at Jacksonville, Duval County, Florida, the plaintiff board did, at a duly constituted meeting of said Board, at which said Board meeting the defendant herein was present, adopt a resolution that the said Rule 712 be enforced commencing January 1, 1960, said Rule not having theretofore been enforced so as not to interfere with advertising contracts in existence as of March 11, 1957, the date said Rule 712 was adopted.

6. Notwithstanding the provisions of the above mentioned statute and Board Rules, the Defendant has, from January 1, 1960 to the date of the filing of this Complaint, engaged in and has solicited business by using and sponsoring the use of advertising directly and indirectly, by newspaper and signs to the general public which signs and newspaper advertisements were in excess of three column inches in size and the printed contents and matter in such advertisements were not restricted to the name, address and telephone number of the defendant funeral director herein, and all of which engagements, uses of advertising, and solicitations of business are in violation of the laws of the State of Florida and the Rules and Regulations of the State Board of Funeral Director and Embalmers for Florida.

WHEREFORE, the plaintiff, being a state agency and being charged with the duty to enforce the provisions of Chapter 470, Florida Statutes, and the Rules and Regulations of the State Board of Funeral Directors and Embalmers for Florida, prays that the defendant C. D. Van Orsdel be permanently enjoined and restricted from soliciting and advertising for business directly and indirectly, by newspaper, signs, or any other manner to the general public where such manner is contrary to the provisions of the statutes and Rules and Regulations of the Plaintiff Board.

YOUR PLAINTIFF FURTHER PRAYS for such other and further relief that to this Honorable Court may seem necessary.

RICHARD W. ERVIN
Attorney General

JOSEPH C. JACOBS
Assistant Attorney General

SAM SPECTOR
Special Assistant Attorney General

Rule 712, to which plaintiffs refer in paragraph 4 of their complaint, is set forth below —

ADVERTISING. No licensee, apprentice or other person, firm or corporation associated or in any wise connected with a funeral establishment shall use or sponsor use of any advertising in any manner whatsoever, provided that any Funeral Home, Mortuary or Funeral Establishment that is organized, opened or remodeled for business after March 11, 1957, or any Funeral Home, Mortuary or Funeral Establishment that may change the location of its business after March 11, 1957, or change its licensed Funeral Director or Directors or Embalmer or Embalmers after March 11, 1957, may place a dignified professional card in the local newspaper where said Funeral Home, Mortuary, or Funeral Establishment is located notifying the public of the opening or remodeling of said establishment or change of location or change of personnel, provided further that any of the aforesaid may publish death and funeral notices and may advertise in any newspaper, program, trade journal, or any other periodical provided the advertising space shall not exceed three column inches and said advertisement shall be restricted to the name, address and telephone number of the funeral home, funeral director or directors, and whether ambulance service is available.

Memorial books, acknowledgement cards and professional cards shall not be construed as advertising.

Signs on Funeral Homes, Mortuaries, or Funeral Establishments or on vehicles shall be construed as signs of identification and not advertising.

This Rule pertaining to advertising shall not apply to any bona fide advertising contract in writing as of March 11, 1957, and advertising already purchased may continue until January 1, 1958, but any bona fide contract for advertising in writing as of March 11, 1957, and all advertising except that authorized by Rule 712 shall be terminated by January 1, 1960.

Any form or type of advertising not specifically mentioned shall be disallowed.

The defendant, C. D. Van Orsdel, a licensed funeral director, doing business as Van Orsdel Mortuaries, filed the following —

## ANSWER

The defendant, C. D. Van Orsdel, for his Answer to the Complaint, says:

### First Defense

1. He admits the official identity and address of the plaintiffs as alleged in Paragraph 1. He denies the remaining allegations.

2. He admits all of the allegations of Paragraph 2, excepting the characterization of the business or vocation of funeral directing and embalming as a profession.

3. He admits the promulgation by the plaintiffs of a body of rules and regulations on or about March 11, 1957, as alleged in Paragraph 2. He denies the plaintiffs' authority, statutory or otherwise, to promulgate Rule 712 which is the subject matter of these proceedings. He denies that the business or vocation of funeral directing and embalming is a profession. He admits that he is a licensee under Chapter 470, F.S.

4. He admits that Rule 712 is among those referred to in Paragraph 3 of the Complaint and admits that a certified copy thereof is attached to the Complaint. He denies any implication or inference that the plaintiff Board had any authority, statutory or otherwise, to adopt said Rule 712.

5. He admits the actions of the plaintiff Board as alleged in Paragraph 5 and admits that he was present when such action was taken. He denies that the plaintiff Board had any authority, statutory or otherwise, to either adopt or to activate said Rule 712.

6. He admits, as alleged in Paragraph 6, that from and after January 1, 1960, he has advertised his business by advertisements which were in excess of 3 column inches in size and that the printed contents and matter in such advertisements were not restricted to his name, address and telephone number. He denies all other allegations in Paragraph 6.

7. He generally denies all allegations except those heretofore expressly admitted.

### Second Defense

Chapter 470, F.S., when it was enacted and left the hands of the Legislature of Florida, was complete in itself and left nothing to the judgment of the plaintiff Board particularly as regards advertising which is the

subject matter of Rule 712. The right to advertise is expressly provided in said Act and its only proscription is against advertising which is "misleading or inaccurate in any material partcular." Thus the standards of conduct in the matter of advertising are fixed by the statute itself. The promulgation by the plaintiff Board of Rule 712 was and is an unlawful exercise of a non-delegable and non-existent power and its enforcement would contravene Section 1 of Article 3 of the Constitution of Florida.

### Third Defense

The defendant says that Rule 712 further contravenes constitutional law, viz., the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 1 of the Declaration of Rights in the Constitution of Florida in that it denies the equal protection of the laws by unlawfully and arbitrarily discriminating in favor of one media of advertising, to-wit, printed matter in newspapers, programs, trade journals and other periodicals and against all other advertising media, including radio, television, billboards, handbills, direct mailing, etc., thus denying defendant the right to advertise in or by such media last mentioned.

### Fourth Defense

The defendant says that funeral directing and embalming is not a profession, and that the only educational qualifications prescribed by Chapter 470 to engage in that business or vocation are:

(a) *Funeral Directors*—High School education; one year of practical experience by association with a licensed funeral director, and one year of practice as a licensed embalmer of Florida.

(b) *Embalmer*—High School education; attendance at a regular nine months course of instruction in a reputable college of embalming; practical experience of having embalmed at least fifty dead human bodies.

The defendant further says that the technical or scientific work of the funeral director is only a fractional part of his effort, the remainder of his service being primarily concerned with the sale of a variety of personal property ranging from caskets to wearing apparel, memorial cards, urns, etc. Accordingly the defendant says that Rule 712 further contravenes the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 1 of the Declaration of Rights in the Constitution of Florida in that that right of a licensee under Chapter 470 to advertise within the standards fixed by the Legislature of Florida (i.e., to refrain from advertising which is inaccurate or misleading in any material particular), is a property right, the denial of which by virtue of Rule 712 bears no substantial relation to the public welfare, health, morals or safety, and the enforcement of said Rule 712 would be a taking of property without due process of law.

### Fifth Defense

The plaintiffs come into Court with unclean hands in that the Chairman and other members thereof have flagrantly violated their own rule as to advertising and they are not entitled to any relief at the hands of equity.

Walton Lantaff Schroeder Atkins Carson & Wahl,
Attorneys for Defendant.

Upon consideration of the pleadings and the argument of counsel, the court finds and hereby declares that the defendant's first, second, third and fourth defenses have been sustained.

Accordingly, it is considered, ordered and decreed that the equities are with the defendant and that the plaintiffs' complaint be and it is hereby dismissed.

It is further ordered and decreed that the defendant's motion to tax costs in his behalf expended against the plaintiffs is denied upon the authority of Corneal v. State Plant Board, Fla., 101 So. 2d 371, and cases there cited.