PER CURIAM.
This case, as can be seen, has as appellants, L. 0. Hansen, as Tax Assessor of Broward County, Florida; W. H. Meeks, Jr., as Tax Collector of Broward County, Florida; and Ray E. Green, as Comptroller of the State of Florida. In their appeal they raise four points. The decision on the first three is affirmed on authority of Hansen et al. v. Port Everglades Steel Corporation, Fla.App.1963, 155 So.2d 387, filed this date. The instant case was filed for taxes for the year 1961, while the cited case was for taxes for the year 1960. However, there is one point in the present case that was not raised in the cited case, that being: “May costs be taxed against a constitutional officer without express statutory ■authority ?”
We must hold that in the absence of a governing statute, costs cannot be taxed against any of these constitutional officers. There are several circumstances in which costs can be taxed, but in those cases' it is due to express or implied statutory authority. We can find no such statutory authority that would permit it in the instant case.
In the case of Corneal v. State Plant Board, Fla.1958, 101 So.2d 371, 72 A.L.R. 2d 1376, this rule was laid down by our Supreme Court. The opinion in that case is reported in 72 A.L.R.2d 1376, with this note appended at p. 1383 :
“The well-established principle that the sovereign (including, in this country, a state cannot be sued without its. consent extends to the matter of costs, with the result that, absent a statute indicating its consent thereto-, a state litigant may not be subjected to costs-of suit for which a private litigant would be liable. This principle has been applied or recognized in many cases.”
Cited in the Corneal case is the earlier case of State ex rel. Ervin v. Colonial Acceptance, Fla.1955, 80 So.2d 681, from *393 which the court drew the general rule. The court in the Corneal case then said:
“We find no statute in this state that either expressly or by necessary implication authorizes the taxation of costs against the State Plant Board in a suit like this, where the Board is defending its regulatory measures adopted pursuant to legislative authority. So, despite the fact that the claim of the appellants makes a strong appeal to our sense of justice and fairness, their only remedy would seem to be an application to the Legislature for reimbursement by way of a Relief Bill. * * * ”
On the fourth question that the appellants have posed, as to the taxation of costs, we must reverse.
Affirmed m part and reversed in part.
SMITH, C. J., and SHANNON and WHITE, JJ., concur.