SWANN, Judge.
This is an interlocutory appeal by the Board of Public Instruction of Dade County, Florida, from a post-decretal order dated December 10, 1968. The order set the amount of fee and out-of-pocket expenses to be paid to a court appointed special examiner and assessed these against the Board.
This action began by the filing of a complaint for declaratory decree and other relief by Dena H. Feller. A final decree was rendered for the plaintiff and there was no appeal from the final decree.
On January 30, 1968, the Board was held in contempt for noncompliance with the provisions of the final decree. This order appointed Thomas L. Wolfe to examine the records of the School Board and to perform other duties not pertinent to this appeal. The order decreed that the court appointed examiner “shall be awarded reasonable compensation for his work in this matter after due notice and an opportunity to be heard is afforded all parties. Such reasonable compensation shall be assessed as costs against the defendant School Board.” There was no appeal taken from the order of January 30, 1968.
After the special examiner performed the duties required of him the trial court held a hearing and took testimony from the examiner and others concerning a reasonable amount to be awarded and assessed against the Board as his fee.
On December 10, 1968, the court entered its order fixing the amount of the fee to be paid to the special examiner and assessed this fee against the Board. It also required the Board to reimburse the examiner for certain out-of-pocket expenses in *599 curred during the performance of his duties.
The Board has taken an interlocutory-appeal from the order of December 10, 1968. It does not challenge the reasonableness of the fee awarded. It argues that the court erred in awarding costs against the Board because it is an agency of the State of Florida and, as such, cannot be required to pay costs of a suit within the state. It cites as authority Palethorpe v. Thomson, Fla.1965, 171 So.2d 526; Corneal v. State Plant Board, Fla.1958, 101 So.2d 371, 72 A.L.R.2d 1376; State ex rel. Ervin v. Colonial Acceptance, Inc., Fla.1955, 80 So.2d 681; Buck v. McLean, Fla.App.1959, 115 So.2d 764. It claims that the order of December 10, 1968, is illegal and must be reversed under these authorities.
Appellees argue that the essential question raised by this appeal relates to the liability of the Board for the payment of compensation to the special examiner. They argue, among other matters, that the order of January 30, 1968, determined and adjudicated the liability of the Board for the fees, or reasonable compensation, to be paid to the special examiner and that since no appeal was taken from this order the liability of the Board became fixed and settled.
We are of the opinion that the order of January 30, 1968, was sufficiently specific, definite and final to constitute an adjudication that the Board was liable for reasonable compensation to be paid to the examiner for his work in this matter and that the order of December 10, 1968, simply adjudicated the reasonable amount of that liability.
Since the amount, or reasonableness, of the award to the court appointed special examiner, is not challenged on this appeal, we conclude that the order of January 30, 1968, fixed the liability of the Board and for these reasons the order herein appealed is
Affirmed.