SWANN, Judge.
This appeal is from a final judgment in which costs of $229.90 were assessed against the defendants, Robert K. Over-street, Dade County Tax Collector and Fred O. Dickinson, Jr., as Comptroller of the State of Florida.
Daniel L. Ginsberg, a property owner in Dade County, Florida, originally brought suit for a declaratory decree in the Circuit Court in which he sought a declaration concerning his rights under Chapter 67-339, Laws of Florida 1967. This chapter amended § 192.12 and § 192.13, Fla.Stat., F.S.A, which were renumbered § 196.031 and § 196.041, Fla.Stat., in the 1969 Session of the Florida Legislature. The trial court ruled against Ginsberg and he appealed to the Supreme Court of Florida.
The record reveals that Ginsberg filed, in the Supreme Court, a motion to remand the cause to the Circuit Court for consideration in light of its opinion in Ammerman v. Markham, Fla.1969, 222 So.2d 423. His *185 motion was granted and the cause was remanded to the Circuit Court.
The trial court subsequently vacated its original judgment and rendered a final judgment for Ginsberg in which it assessed costs of $229.90 against these defendants. Ginsberg thereafter voluntarily dismissed his original appeal to the Supreme Court of Florida. The county has appealed from the final judgment for Ginsberg.
The sole point on appeal is whether the trial court erred in assessing costs against the Tax Collector of Dade County, Florida and the Comptroller of the State of Florida.
It is agreed, as a general proposition, that in the absence of express statuto-tory authority costs may not be assessed against a county. Corneal v. State Plant Board, Fla.1958, 101 So.2d 371, 72 A.L.R. 2d 1376; State ex rel. Ervin v. Colonial Acceptance, Fla. 1955, 80 So.2d 681; County of Brevard v. Interstate Engineering Co., Fla.App.1969, 224 So.2d 786. There are exceptions to this rule but they are not pertinent in this appeal.
Palethorpe v. Thomson, Fla.1965, 171 So.2d 526, also involved a suit by a property owner for a declaratory decree against a county tax collector and the State Comptroller. There, the lower court assessed costs against the county tax collector and the State Comptroller. The court said at page 533:
“We must also reverse the lower court for imposing and taxing costs against the county officers and the State Comptroller. In a case such as the instant, the state or a county may not be held liable for costs unless such is expressly provided for by statute.”
Ginsberg argues here that there is specific statutory authority for costs to be assessed against these defendants under either § 215.03, § 86.081 or § 86.091, Fla. Stat., F.S.A. Ginsberg performed a fine public service for the citizens in the class which he represents and under ordinary equitable considerations might be entitled to his costs.
We have examined the specific statutes relied upon, however, and find that they do not constitute express statutory authority which would warrant assessment of costs against the state or county under the facts of this case.
This cause is, therefore, reversed and remanded with directions to vacate and delete from the final judgment the costs assessed therein against these defendants in the sum of $229.90.
It is so ordered.