HENDRY, Judge.
This is an appeal by the counterplaintiff, Theo Carter, d/b/a Natural Fish Mount Company, from an adverse summary final judgment.
This law suit arose out of a dispute concerning an agreement entered into between Dade County and Carter, whereby Carter was granted the right to operate a taxidermy agency at Haulover Beach Park Marina. Paragraph 22 of the subject agreement states:
“This license conveys to the licensee the exclusive right to solicit and transport from the park fish mounts, but is not to be construed in any way as to limit the rights of park patrons in transporting their fish to a taxidermist of their own choice.”
Dade County initiated the cause, claiming default by Carter in the payment of sums due under the contract. Carter denied the indebtedness and counter-claimed for damages upon the ground that the county had not granted her “the exclusive right to solicit and transport from the park fish mounts”, but had instead allowed a competitor the right to solicit and transport fish mounts from the park in direct contravention of the agreement.
The county denied the allegations of the counter-claim and moved for summary judgment, which motion was denied upon first hearing. However, upon rehearing, the lower court entered an order reading in part as follows:
“ * * * It is the Court’s conclusion that in the License Agreement sued upon DADE COUNTY granted to the Coun-terplaintiff, THEO CARTER, d/b/a NATURAL FISH MOUNT COMPANY, an exclusive license to operate a taxidermy agency within the Haulover Beach Park Marina for the period of the License Agreement. By granting such exclusive license, DADE COUNTY granted to Counterplaintiff a license to operate a taxidermy agency within the Haulover Beach Park Marina for the period of the License Agreement and agreed not to grant any other person, corporation or entity a license, permit or right to operate a taxidermy agency within the Haulover Beach Park Marina during period of the License Agreement. The record affirmatively shows without dispute of material fact that DADE COUNTY did grant the Counterplaintiff the agreed upon license to operate a taxidermy agency within the Haulover Beach Park Marina during the period of the License Agreement and did not grant to any other person, corporation or entity a license, permit or right to operate a taxidermy agency within the Haulover Beach Park Marina in competition with Counterplaintiff’s exclusive license. It is thereupon,
“ORDERED AND ADJUDGED as follows:
“1. Counterdefendant’s Motion for Summary Final Judgment on the Counterclaim be and the same is hereby granted.
“2. Summary Final Judgment is hereby entered in favor of Counterdefendant on the Counterclaim and against the Counterplaintiff.”
Appellant contends that the pleadings, affidavits and exhibits contained in the record on appeal fail to support the entry of a summary judgment. We agree and reverse.
Under the procedure for summary judgment, as provided in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., the movant must prove that there exist no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Holl v. Talcott, Fla.1966, 191 So.2d 40. Appellee has failed to carry that burden in this case.
In view of the latent ambiguity surrounding the meaning of paragraph 22 of the subject agreement and the confusion *596 evident from the conflicting pleadings and affidavits as to the intention of the parties, we are of the opinion that the lower court erred in granting summary final judgment in this case. Visingardi v. Tirone, Fla.1967, 193 So.2d 601; Holl v. Talcott, supra; Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780; Wilson v. State Road Department, Fla.App.1967, 201 So.2d 619. See also: St. Lucie County Bank & Trust Co. v. Aylin, 94 Fla. 528, 114 So. 438.
Therefore, the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.