PER CURIAM.
This case was here before on an appeal by Carter from a summary final judgment for Dade County. Carter v. Dade County, Fla.App.1968, 213 So.2d 594.
This law suit arose out of the dispute set forth in that opinion. There, a summary final judgment for Dade County was reversed and remanded for trial. After a jury trial, final judgment for damages and costs was entered for Carter. Dade County appeals from that final judgment.
Dade County contends that Carter failed to prove that it had breached its exclusive contract with Carter. It argues that Carter failed to prove that Dade County had an affirmative duty to prevent solicitation by other taxidermists or that there was solicitation by other taxidermists in violation of the exclusive rights granted to Carter and that the county took all possible steps to prevent solicitation at the Haul-over Beach Park Marina by other taxidermists.
A review of the record reveals substantial, competent evidence to support the finding that there had been a breach of the exclusive contract by Dade County.
The county argues that the measure of damages allowed in this case was erroneous as a matter of law. Under the peculiar facts and circumstances of this case, this argument is without merit. A party rescinding a contract for non-performance by the other party may recover what he has paid. 7 Fla.Jur. Contracts § 184.
The county contends that the trial court did not have jurisdiction over this case because Carter failed to comply with § 95.08, Fla.Stat., F.S.A. It appears that Carter began giving written notice to officials of Dade County, Florida, approximately one and one-half months after the date of the exclusive license agreement. These included the manager of Haulover Beach Park Marina, the County Manager, the Assistant County Manager, the County Attorney, the Director of the Dade County Parks Department, and every member of the Dade County Commission. These written notices reflected the position of Carter that the county had breached and was breaching its exclusive license agreement with her and requested the county to take action to enforce the agreement and its rules, regulations and ordinances. This meets the requirements of § 95.08. See Young v. Metropolitan Dade County, Fla.App.1967, 201 So.2d 594; and Butts v. County of Dade, Fla.App.1965, 178 So.2d 592.
The most compelling argument advanced by the county for reversal concerns the award of costs to Carter. Generally, the state or county is not liable for costs in the absence of an express statute creating such liability. See Palethorpe v. Thomson, Fla.1965, 171 So.2d 526; State ex rel. Ervin v. Colonial Acceptance, Inc., Fla. 1955, 80 So.2d 681; County of Brevard v. Interstate Engineering Co., Fla.App.1969, 224 So.2d 786; and Broward County v. Bouldin, Fla.App.1959, 114 So.2d 737.
While we agree with this general rule, we do not believe it is applicable herein.
Dade County filed suit against the defendant Carter. Carter counterclaimed and pursuant to a stipulation of dismissal, the claim of Dade County, having been satisfied, was dismissed without prejudice to the rights of Carter to proceed on her counterclaim against the county. Where a state voluntarily becomes a litigant in its own courts, by bringing an action as the original plaintiff, it waives its immunity and may be subjected to costs in the same manner as a private litigant. Annot., 72 A.L.R.2d 1379, 1393, § 6. There is also authority that where the state appears in litigation in a proprietary rather *243 than a governmental capacity it waives its immunity and may be subjected to costs in the same manner as a private litigant. Annot., 72 A.L.R.2d 1379, 1394, § 7.
The dispute and suit involved Dade County in its proprietary rather than a governmental capacity. See Panama City v. Seven Seas Restaurant, Inc., Fla.App.1965, 180 So.2d 190.
We, therefore, find no reversible error in the award of costs against Dade County in this cause.
The final judgment is, therefore,
Affirmed.