PER CURIAM.
Plaintiff, B & J Van Beber Equipment Rental, Inc., takes this appeal from a summary final judgment in favor of the defendants, Dorothy Pedersen and State Farm Mutual Automobile Insurance Company, in an action for damages stemming from an automobile accident.
The record reflects that on May 4, 1973, the vehicle driven by Boyd Van Beber was involved in a collision with the vehicle driven by Dorothy Pedersen. In 1974, a complaint was filed by Boyd Van Beber and Justine Van Beber, his wife, seeking damages for personal injuries sustained by Boyd Van Beber in the accident, and including the following allegation:
“Plaintiffs motor vehicle was damaged to where he lost the value of his. interest in it and the value of its use durning (sic) the time required to make the necessary repairs to it and Plaintiff, BOYD VAN BEBER, has had to spend some money to repair said vehicle.”
In October of 1975, the parties stipulated and the court ordered that the cause be dismissed with prejudice, as a settlement had been reached. By the terms of a release executed on September 30, 1975, in consideration of the amount of $5,000, Boyd Van Beber and Justine Van Beber made
“. . . a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, . . .for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.”
On December 9, 1975, the instant action was commenced by the filing of a complaint against the same defendants, Pedersen and her insurer, State Farm. The named plaintiff is B & J Van Beber Equipment Rental, Inc. The complaint alleges that,
“. . . Plaintiffs Dump Truck was damaged to where Plaintiff’s (sic) lost the value of its interest in it and the value of its use during the time it required to make necessary repairs to it and Plaintiff has had to spend large sums of money for repair of said vehicle. Further, Plaintiff suffered a business loss and loss of profits since Plaintiff was unable to use said vehicle as a result of the forementioned (sic) accident.”
The defendants filed a motion for summary judgment on the grounds that there are no genuine issues of material fact, and in support thereof attached certified copies of the prior complaint, the stipulation for dismissal with prejudice, the order of dismissal and a copy of the release executed by the Van Bebers. The trial judge heard the motion, granted it and entered summary final judgment in favor of the defendants.
In our opinion, the trial court erred in entering summary final judgment where there is not sufficient evidence in the record to negate all material allegations in the plaintiff’s complaint. For example, in the first action in which Boyd and Justine Van Beber as individuals, were the plaintiffs, the complaint refers to “Plaintiffs motor vehicle,” and the complaint in the pending action refers to “Plaintiff’s Dump Truck,” the plaintiff being the corporation. The stipulation for order of dismissal and the release which were executed in the first action were entered into between the defendants and the Van Bebers as individuals. We are unable to conclude from this record that it was the intent of those parties to bind the corporation, alleged to be the owner of the damaged truck in this action. *1165 Accordingly, we find that there are genuine issues of material fact to be determined in this case. The summary final judgment, is reversed and the cause is remanded for further proceedings.
Reversed and remanded.