393 So.2d 63 (1981)
Morris KIRSH, As Trustee Individually and On Behalf of the Claimants and Judgment Creditors, Appellant,
v.
Harriet V. MANNEN, Estate of Oscar J. Mannen, Harold Richman, Dorothy Hirschorn, Edwin Borgos, Marcus Fried, Robert H. Paquette, Richard M. Mannen, Appellees.
No. 80-977.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Rehearing Denied February 20, 1981.
*64 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul A. Louis, Charles J. Kane, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and George B. Foss, Jr., Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and Kendall B. Coffey, Miami, Morgan, Lewis & Bockius and Harold G. Melville, Miami, for appellees.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
The trial judge entered summary judgment to the effect that certain interests in real property titled in the name of Oscar J. Mannen, as trustee, were, contrary to Section 689.07, Florida Statutes (1979)[1] not owned by Mr. Mannen at the time of his death and were therefore not assets of his estate, subject to the claims of his creditors. This was so, the court held, because (a) Mannen held the title in trust for various investors who held beneficial ownership, rather than, as the appellant-creditor claimed, merely security interests in the realty; and (b) 62.35% of that beneficial interest had been owned by Mannen and his wife, by the entireties, rather than by Mannen individually. We reverse the summary judgment below because the appellees did not, as to either ground, conclusively establish as a matter of law their entitlement to the relief granted. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). In so ruling, we apply the doctrine that when conflicting legal inferences, particularly concerning the intent of the parties, may be drawn from an ambiguous legal document, or as to the effect even of undisputed facts, the issue is not properly subject to summary adjudication, and may be resolved only after trial. Carroll v. Moxley, 241 So.2d 681 (Fla. 1970); Macina v. Magurno, 100 So.2d 369 (Fla. 1958); MacKenzie v. Avis Rent-A-Car Systems, Inc., 369 So.2d 647 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1979); Bankers Ins. Service Corp. v. Southeastern Home Mortgage Co., 363 So.2d 401 (Fla. 4th DCA 1978); Lauer v. Wilson, 355 So.2d 187 (Fla. 1st DCA 1978); B & J Van Beber Equipment Rental, Inc. v. Pedersen, 348 So.2d 1163 (Fla. 3d DCA 1977); Mathews Corp. v. Tutten Enterprises, Inc., 343 So.2d 902 (Fla. 4th DCA 1977); Sullivan v. Bloom, 342 So.2d 1036 (Fla. 4th DCA 1977); Stone v. Lingerfeldt, 330 So.2d 40 (Fla. 4th DCA 1976); Carter v. Dade County, 213 So.2d 594 (Fla. 3d DCA 1968), cert. denied, 219 So.2d 700 (Fla. 1968); Mead v. Mead, 193 So.2d 476 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 552 (Fla. 1967); Benson v. Atwood, 177 So.2d 380 (Fla. 1st DCA 1965); Owens v. MacKenzie, 103 So.2d 677 (Fla. 1st DCA 1958).
Reversed.
NOTES
[1] 689.07: `Trustee' or `as trustee' added to name of grantee, transferee, assignee or mortgagee transfers interest or creates lien as if additional word or words not used. 

(1) Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words `trustee' or `as trustee' are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance...