PER CURIAM.
The parties to this dispute are a mother and her two daughters. At issue is the parents’ intent in creating a trust. Patricia Driscoll, the mother, claims that she is the owner of one-half of the real property held in trust by virtue of a judgment dissolving her marriage. The children contend that the real property was conveyed to the trust during the parents’ marriage for the benefit of the children during their minority. The ownership issue arose when Mrs. Dris-coll sought authority of the court to sell the real property. Both sides relied on affidavits to explain interlineations in the admittedly vague trust documents. This appeal is brought from a summary judgment entered for the mother.
We reverse on the authority of Kirsh v. Mannen, 393 So.2d 63, 64 (Fla. 3d DCA 1981), which holds that “when conflicting legal inferences, particularly concerning the intent of the parties, may be drawn from an ambiguous legal document, or as to the effect even of undisputed facts, the issue is not properly subject to summary adjudication, and may be resolved only after trial.” Because material issues of fact and law were created by the affidavits and the ambiguous legal document, summary disposition was inappropriate.
Reversed and remanded for further proceedings.