LaROSE, Judge.
 

 Patricia Burgess appeals from a partial final judgment in which the trial court removed her as Trustee of the Prince Family Trust and ruled that the Trust may not compensate her for managing Salt Creek Art Works, a Trust asset. We reverse the trial court’s ruling that Ms. Burgess, as a Trust beneficiary, may not be compensated for managing a Trust asset and ordering all compensation she received to be charged against her distributive share of the Trust. We affirm the remainder of the partial final judgment without further discussion.
 

 In interpreting the terms of a trust agreement, we look to the plain language of the document.
 
 See Fleck-Rubin v. Fleck,
 
 933 So.2d 38, 39-40 (Fla. 2d DCA 2006);
 
 Robbins v. Hunyady,
 
 498 So.2d 955, 957 (Fla. 2d DCA 1986). We review the trial court’s construction of the document de novo.
 
 See Doe v. Doe,
 
 20 So.3d 892, 896 (Fla. 2d DCA 2009) (“circuit court’s ruling on the proper interpretation of ... trusts is a question of law subject to de novo review”);
 
 Roberts v. Sarros,
 
 920 So.2d 193 (Fla. 2d DCA 2006) (construing trust based on contract construction rules).
 

 Section 6.2 of the Trust provides that a beneficiary may not receive compensation for serving as Trustee:
 

 Any Trustee, whether an individual or corporate trustee, who may serve under the Trust shall be entitled to receive compensation for its services as Trustee in accordance with its schedule of rates in effect at the time the services are rendered, including minimum fees and additional compensation for special investment and interests in a closely-held business.
 
 Any Trustee who is also a beneficiary under the Trust shall serve without compensation.
 

 (Emphasis added.) Our record demonstrates, however, that Ms. Burgess did not receive compensation for her service as Trustee. Rather, she received a modest monthly payment from the Trust for operating the ongoing business of Salt Creek Art Works. The payments she received were not contrary to the terms of the Trust. Indeed, the Trust allows compensation to a Trustee serving in other capacities. Section 6.4 empowers the Trustee:
 

 [T]o employ
 
 accountants, actuaries, appraisers, attorneys, brokers, building contractors, custodians, investment managers, realtors, and other agents including
 
 any Tmstee,
 
 if such employment be deemed necessary or desirable
 
 and to pay reasonable compensation for their services
 
 without diminution of any fiduciary’s commissions....
 

 (Emphasis added.)
 

 Finally, section 6.5 allows the Trustee to compensate a beneficiary for business management duties:
 

 To determine in his or her discretion the manner and extent of his or her active participation in the business, and to delegate all or any part of his or her power to supervise and operate to such person or persons as he or she may select, including any associate, partner, officer or employee of the business.
 

 To hire and discharge officers and employees, fix them compensation and define their duties; and to employ, compensate and discharge agents, attorneys, consultants, accountants and such other representatives as the Trustee may deem appropriate; including the
 
 right to employ any beneficiary or individual fiduciary in any capacity.
 

 (Emphasis added.)
 

 Relying on the plain language of the Trust document, we must conclude that
 
 *707
 
 the trial court erred in ruling that Ms. Burgess could not be compensated for managing Salt Creek Art Works.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 WALLACE and CRENSHAW, JJ., Concur.