STEVENSON, J.
Appellant Michael Mariani appeals an order denying his motion for summary judgment, which resulted in a final judgment disposing his entire case. The court below found that appellant is not a current beneficiary under the “clear” and “plain language” of the Jane Mariani Irrevocable Wealth Trust (“Trust”) and therefore is ineligible to request or receive discretionary distributions from, the Trust. We disagree. As the trial court was construing the plain language of the Trust, the standard of review is de novo. Burgess v. Prince, 25 So.3d 705, 706 (Fla. 2d DCA 2010). We find that the terms of the Trust are ambiguous with regard to whether the settlor intended that her grandchild, the appellant, would be eligible to receive discretionary distributions during the lifetime of his father, a clear current beneficiary under the Trust. As disputed issues of fact remained, summary judgment was improper. Accordingly, the judgment is reversed, and the matter is remanded for further proceedings. See Knauer v. Barnett, 360 So.2d 399, 405 (Fla.1978) (when the trust instrument is ambiguous, the intent of the settlor may be ascertained from extrinsic evidence).

Reversed and remanded.

GERBER and CONNER, JJ., concur.