# Third District Court of Appeal

## State of Florida

Opinion filed May 23, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1563
Lower Tribunal No. 15-27945
_____

**John S. and James L. Knight Foundation, Inc., a Florida not-for-profit corporation,**
Appellant,

vs.

**Urban Philanthropies, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Bilzin Sumberg Baena Price & Axelrod, LLP, and Michael N. Kreitzer, Michael E. Strauch, and James J. Ward, for appellant.

Fuerst Ittleman David & Joseph, and Christopher M. David, Michael B. Kornhauser, and Jeffrey J. Molinaro, for appellees.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

ROTHENBERG, C.J.

John S. and James L. Knight Foundation, Inc. ("the Knight Foundation") appeals a final judgment in favor of Urban Philanthropies, Inc., et al. (collectively, "the defendants"), which the trial court entered pursuant to three summary judgment orders. We find that there are unresolved issues of material fact regarding whether the parties formed or intended to form a charitable trust, and thus, we reverse.

## BACKGROUND

In March 2001, the Collins Center for Public Policy ("the Collins Center"), among others, submitted a grant application for funding to the Knight Foundation, intending to undertake a community development project for the benefit of Overtown. The Knight Foundation awarded $3 million to the Collins Center, with $1.5 million designated for the purchase of real property by an independent non-profit corporation referred to as the "land trust."

The land trust was created to acquire, hold, and facilitate the development of land to benefit the community consistent with the community's vision for redevelopment. In March 2002, the Collins Center established South Florida Smart Growth Land Trust, Inc. ("the Land Trust"), a non-profit corporation, and the Land Trust subsequently purchased real property with the grant funds. In 2013, after approximately a decade of operation, the Land Trust's board of directors voted to transfer, without consideration, all of the Land Trust's properties to Urban

2

Philanthropies, Inc. ("Urban"), a newly established non-profit corporation. Urban subsequently sold all of the properties and deposited the proceeds into an investment account and an annuity owned and controlled by Urban, and instead of using the money to acquire and hold land for the benefit and development of the Overtown community, the money is allegedly being used for other purposes contrary to the intent of the grant.[1]

In December 2015, after allegedly learning about the Land Trust's actions through the media, the Knight Foundation filed suit against Urban and members of the Land Trust's board of directors ("the individual defendants") who had voted to transfer the property to Urban. In its operative complaint, the Knight Foundation alleged breach of fiduciary duty against the individual defendants, unjust enrichment against Urban, and a resulting trust against all of the defendants. As to the claims for breach of fiduciary duty and unjust enrichment, the Knight Foundation sought as relief the imposition of a constructive trust and an award of compensatory damages. In three separately entered orders, the trial court granted the defendants' motions for summary judgment against the Knight Foundation's three claims. The trial court entered a final judgment, and thereafter, the Knight Foundation appealed.

---

[1] Although the explanatory evidence in the record on appeal is limited, the parties appear to agree that the Collins Center no longer exists and the Land Trust has been administratively dissolved.

## ANALYSIS

We review an order granting summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law."). On a motion for summary judgment, if the evidence is conflicting or permits different reasonable interpretations, the issue should be submitted to the trier of fact. Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985) ("A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.").

The dispositive issue before us in this case depends on the interpretation of documents that allegedly demonstrate the creation of a charitable trust. Although we always begin the interpretation of a legal text by looking to the plain meaning of its terms, if the text is ambiguous, it is appropriate to look to extrinsic evidence to resolve the ambiguity. See Mariani v. Mariani, 125 So. 3d 222, 223 (Fla. 4th DCA 2013) (stating that "when the trust instrument is ambiguous, the intent of the settlor may be ascertained from extrinsic evidence"); Menck v. Driscoll, 531 So. 2d 1057, 1057 (Fla. 3d DCA 1988) ("[W]hen conflicting legal inferences, particularly concerning the intent of the parties, may be drawn from an ambiguous

4

legal document, or as to the effect even of undisputed facts, the issue is not properly subject to summary adjudication, and may be resolved only after trial.") (quoting Kirsh v. Mannen, 393 So. 2d 63, 64 (Fla. 3d DCA 1981)).

It is possible to reasonably interpret the alleged trust documents in this case in at least two ways. The first way supports the position advocated by the Knight Foundation, that these documents reflect that the Knight Foundation is the settlor in the creation of a charitable trust. The second way, advocated by the defendants, is that these documents only demonstrate that the Knight Foundation accepted an application for a charitable grant, and that they do not demonstrate the existence of a charitable trust. Additionally, the record on appeal demonstrates that there is conflicting extrinsic evidence on the question of whether these documents were intended to create a charitable trust. For example, Hodding Carter III, the CEO of the Knight Foundation when the Land Trust was funded and created, testified that the Knight Foundation intended to create a trust. However, Roderick Petrey, the CEO of Collins Center, testified that the parties did not intend to create a trust. Mr. Carter testified that the trust was intended to ensure the project's longevity, but Mr. Petrey testified that they needed flexibility beyond that offered by a trust in order to revitalize the Overtown community. This conflicting evidence as to the parties' intentions, along with the testimonies of several affiants and deponents, creates a disputed issue of material fact that precludes summary judgment.

5

## **CONCLUSION**

At the core of the Knight Foundation's complaint is the allegation that it intended to create a charitable trust when it issued the grant to the Collins Center. It is out of this central allegation that the Knight Foundation's claims against the defendants arise. And yet, there is an unresolved dispute of material fact as to the interpretation of the documents and whether the parties intended to create a charitable trust. Therefore, the trial court erred by entering its summary judgment orders against the Knight Foundation. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed.