HAYES WOOD, as Tax Collector, Dade County, and J. N. LUMMUS, JR., as Tax Assessor, Dade County v. CLUB TRANSPORTATION SERVICE, INC.

196 So. 843
Division A
Opinion Filed June 21, 1940

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis* and *Lawrence A. Truett,* Assistant Attorneys General, *Stapp, Gourley, Ward & Ward,* and *Melbourne L. Martin,* for Appellants;

*Evans, Mershon & Sawyer, Herbert S. Sawyer* and *Atwood Dunwody,* for Appellee.

THOMAS, J.—The Attorney General has presented on behalf of the Tax Collector and Tax Assessor of Dade County an appeal from the final decree of the Chancellor restraining

these officials from assessing or collecting ad valorem taxes on certain property of the appellee denominated "aerocars" and declaring void any such levies and asessments previously made.

The case was heard on bill, answer and agreed facts. From the stipulation and the photographs attached to the plaintiffs pleading it appears that aerocars are trailers equipped with two wheels and a coupling by which they are attached to the rear end of automobiles. They are furnished with seats and some of them used for the transportation of passengers and luggage to and from hotels and between hotels and passenger stations. Others are permitted by the Florida Railroad Commission to operate as sightseeing vehicles. Licenses for all of them have been secured under 1280, *et seq.*, C. G. L. 1927, and for the ones used for hire, under Article III, Title VI, Chapter IV (Chapter 14764, Acts of 1931.)

Under Section 13, Article IX of the Constitution, motor vehicles are subject to but one kind of taxation, that is, license taxes for their operation which are in lieu of all ad valorem taxes. Thus the sole question here is whether the "aerocars" we have described fall in the classification: "motor vehicles."

After the adoption of this section of the Constitution, Chapter 15625, Laws of 1931, was enacted for the purpose of making its provisions effective (McLin v. Florida Automobile Owner's Protective Ass'n, 105 Fla. 169, 141 South. Rep. 147) and by its terms it provided for licensing semitrailers, which the aerocars actually are, as well as motor-driven vehicles such as automobiles, trucks and the like. Unquestionably the Legislature intended that the semitrailers fall within the constitutional provisions.

It seems fitting to comment that Section 1280, *supra,*

which was in effect at the time of the adoption of the constitutional amendment exempting motor vehicles from the ad valorem tax burden, dealt with semitrailers as well as automobiles.

The aerocars are obviously useless unless they become a part of a motor car for the purpose of increasing its capacity for passengers and baggage without meanwhile increasing the motive power. It would not be logical to conclude that the people meant to relieve a car of ad valorem taxes but to leave subject to that burden a vehicle purely auxiliary to it and dependent upon it for useful operation. Although Section 1280, *supra,* defines a motor vehicle as one propelled by other than muscular power, we cannot pause there and say that a trailer not being so propelled is therefore not a motor vehicle for if it is not a part of the automobile it is not impelled at all. A study of the Constitution and the expressions of the Legislature on the subject seasoned with a modicum of common sense forces us to the view that the position of the appellant is not well taken and that the Chancellor followed the route of logic to a just decision.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.