JOHNSON, District Court Judge
(dissenting) :
After hearing argument on rehearing and further study of the Palethorpe case, I cannot concur in our original opinion of the majority of this court.
This court’s opinion in Palethorpe v. Thomson, 171 So.2d 526, appears at first reading to contain contradictory statements in that in (7) top of page 532, it provides: “and accords to the owner of a house trailer the presumption that he is operating his trailer as a motor vehicle unit and not otherwise, * * * However, when the owner in point of fact departs from this type of motor vehicle unit operation and devotes his trailer primarily to housing accommodations or other non-transportation use, the exemption privilege of the statutes and Section 13, Article IX no longer shields him and his trailer becomes subject to the assessment and imposition of tangible personal property taxes,” and the court’s statement in (11) page 532, holding the statutes uncon *918 stitutional insofar as they purport to expressly grant exemptions to house trailers and trailer coaches per se. To me. this is not a contrary statement; but merely a different statement' to the effect that the use to which the trailer has been put, if any, determines its exempt status. If it has not been put to any use, or (top of page S31) “is merely parked or stored for an extended period until such time as it will be used for travel or transportation over the public highways and is not used for housing accommodations or other non-transportation purpose meanwhile, the exemption will apply.”
Based upon these determinations by a majority of this court in the Palethorpe case, until Palethorpe is reversed by this court, we should adhere to such determinations and grant the relief prayed for by the petitioner. As to the question of burden of proof of the exemption, I think this was met when it was determined and agreed that the trailers in question were those held by petitioner on his yard for resale.
For these reasons, I cannot agree with the majority opinion in this case and dissent thereto.
ROBERTS and ERVIN,’ JJ.,' concur.