PER CURIAM.
Appellants challenge the constitutionality of Chapter 79-334, § 23, Laws of Florida * (amending § 371.021(1), Fla.Stat. (1977) and adding subsection (18)) which by definition allows imposition of an ad valorem tax on “live-aboard vessels" in lieu of a license fee. Appellants’ first contention is that the por *1007 tion of the statute imposing an ad valorem tax on “live-aboard vessels” conflicts with Article VII, § 1(b), of the Florida Constitution which provides:
Motor vehicles, boats, airplanes, trailers, trailer coaches and mobile homes, as defined by law, shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes.
We agree and hold that this portion of the statute is unconstitutional.
Although the above provision specifically recognizes the legislature’s authority to define “boats”, we conclude that the legislature has not undertaken this task; rather, it simply classified boats as taxable and nontaxable. The legislative prerogative in defining “boats” must be exercised in a reasonable manner; i. e., the words and terms of a constitution are to be interpreted in their most usual and obvious meaning. The presumption is in favor of the natural and popular meaning in which the words are usually understood by the people who have adopted them. State v. Florida State Improvement Commission, 47 So.2d 627, 630 (Fla. 1950); City of Jacksonville v. Glidden Company, 124 Fla. 690, 160 So. 216 (1936). We are also persuaded by the Commentary to Article VII, § 1(b), that it intended a limited flexibility in defining “boats”. The Commentary states:
Section 1(b) substitutes a license tax for the operation of the listed property in place of an ad valorem tax. The legislature may define these terms by law, thus some ñexibility is afforded on the extent of this tax.... Eliminated from the old provision is statutory language which was extraneous to the basic purpose of the section. The old provision defined the term “motor vehicles” in some detail. Now, it is possible for the legislature to define by law what the various items listed will include. Boats and airplanes were included earlier by law in the term “motor vehicle”, and they are now recognized in their own right in the Constitution. ... [Emphasis added]
Before the Constitution was amended in 1968, a boat was defined as a motor vehicle in language substantially identical to § 371.021(1) before it was amended by Chapter 79-334. See Ch. 63-550, Laws of Fla. Noting that the Constitution specifically exempted boats from ad valorem taxation under a definition existing in law, we think the legislature cannot constitutionally stray far from the popular or prior legislative definition of boat in exercising its authority to change the definition.
We find that the legislature has not, as contended by the appellees, reasonably undertaken to define all boats with reference to their use as a means of transportation on water. See, e. g., § 320.01(l)(a), Fla.Stat. (1979), defining “motor vehicle” to include vehicles used as a means of transportation over public streets. Section 371.021(1) defines boats as vehicles used or capable of being used as a means of transportation on water. Live-aboard vessels are then excluded from this all inclusive definition only for tax purposes. Reference to § 371.-021(18) shows that subsections (18)(a) and (b) concern only a boat’s secondary use as a means of transportation. Contrary to ap-pellees’ contention at oral argument, the live-aboard vessels, as defined, have not necessarily lost their character as boats because of their lack of use as transportation over water; rather, the definition simply classifies boats as taxable if the transportation use is secondary.
The apparent purpose of the statute, with which we have no quarrel, is “to apply the ad valorem tax to all dwelling accommodations and commercial property so that no property owner shifts his share of the costs of local government to others by the virtue of the type of home he owns.” Staff Analysis of the Committee on Finance and Taxation, February 2, 1979. However, we are compelled to hold that the challenged portions of the statute do not meet constitutional muster in addressing the problem. This particular legislation exceeds the bounds of providing a reasonable definition of the term “boats” as it appears in Article VII, § 1(b), of the Florida Constitution. *1008 The Constitution, although allowing the legislature to define boats, does not permit defining a boat as a boat except for tax purposes.
Accordingly, we hold the exception of live-aboard vessels from the term “boat”, as defined in § 371.021(1) and (18), Florida Statutes (1979), to be unconstitutional. The remaining portions of Chapter 79-334, Laws of Florida, insofar as they do not concern exempting live-aboard vessels from the license tax, are allowed to stand. Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556, 559 (Fla. 1974).
REVERSED AND REMANDED for proceedings not inconsistent with this opinion.
LARRY G. SMITH and THOMPSON, JJ., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.

 The pertinent provisions read:
(I) “Vessel” is synonymous with boat as referenced in s. l(bl. Art. VII of the State Constitution and means a motor or artificially propelled vehicle registered as provided herein as property and includes defined in s.l(b), Art. VII of the State Constitution and every other description of watercraft, barges, and air boats, other than a seaplane on the water, used or capable of being used as a means of transportation on water. However, live-aboard vessels are expressly excluded from the term “boat” for purposes of s.Kbl. Art. VII of the State Constitution and for purposes of license fees imposed bv this part, if assessed as tangible personal property.
(181 “Live-aboard vessel” means:
(al Any vessel represented as a place of business. a professional or other commercial enterprise. or legal residence, and providing or serving on a long-term basis the essential services or functions typically associated with a structure or other improvement to real property. and, if used as a means of transportation, said use is clearly a secondary or subsidiary use: or
(cl Any vessel used bv any club or any other association of whatever nature when clearly demonstrated to serve a purpose other than a means of transportation.
(dl Commercial fishing boats are expressly excluded from the term “live-aboard vessel”.