409 So.2d 17 (1981)
DEPARTMENT OF REVENUE, Etc., et al., Appellants,
v.
FLORIDA BOATERS ASSOCIATION, INC., Etc., et al., Appellees.
No. 60825.
Supreme Court of Florida.
December 17, 1981.
Rehearing Denied February 23, 1982.
*18 Jim Smith, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, and W. Gray Dunlap, County Atty. and Helen K. Hobbs, Asst. County Atty., Clearwater, for appellants.
Guyte McCord, III and Cynthia S. Tunnicliff of Spector, Tunnicliff & McCord, Tallahassee, for appellees.
BOYD, Justice.
This cause is before the Court on appeal from a decision of the district court of appeal holding a state law unconstitutional. Florida Boaters Association, Inc. v. State, 400 So.2d 1006 (Fla. 1st DCA 1981). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Article VII of the Florida Constitution excludes boats from ad valorem taxation and empowers the Legislature to define "boats" for the purposes of the exclusion:
Motor vehicles, boats, airplanes, trailers, trailer coaches and mobile homes, as defined by law, shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes.
Art. VII, § 1(b), Fla. Const.
Part I of chapter 371, Florida Statutes (1979), is the Florida Boat Registration and Safety Law. In section 371.021(1) thereof, the Legislature has undertaken to define "boats" as it is constitutionally authorized to do. The subsection provides in part:
"Vessel" is synonymous with boat as referenced in s. 1(b), Art. VII of the State Constitution and means a motor or artificially propelled vehicle registered as provided herein as property and includes every description of watercraft, barges, and air boats, other than a seaplane on the water, used or capable of being used as a means of transportation on water.
*19 Chapter 79-334, section 23, Laws of Florida, amended section 371.021(1) by adding the following language:
However, live-aboard vessels are expressly excluded from the term "boat" for purposes of s. 1(b), Art. VII of the State Constitution and for purposes of license fees imposed by this part, if assessed as tangible personal property.
The 1979 enactment also added to section 371.021 subsection (18), which provides:
(18) "Live-aboard vessel" means:
(a) Any vessel used principally as a residence; or
(b) Any vessel represented as a place of business, a professional or other commercial enterprise, or legal residence, and providing or serving on a long-term basis the essential services or functions typically associated with a structure or other improvement to real property, and, if used as a means of transportation, said use is clearly a secondary or subsidiary use; or
(c) Any vessel used by any club or any other association of whatever nature when clearly demonstrated to serve a purpose other than a means of transportation.
Commercial fishing boats are expressly excluded from the term "live-aboard vessel."
§ 371.021(18), Fla. Stat. (1979).
James McKillop resides aboard a 38-foot sailboat. He and the Florida Boaters Association filed an action for declaratory judgment, naming the State of Florida Department of Revenue, the Pinellas County Property Appraiser, and the Pinellas County Tax Collector as defendants. The lawsuit challenged the constitutionality of chapter 79-334, section 23, Laws of Florida. Upon the motion of the Department of Revenue for judgment on the pleadings, the court granted judgment for the Department.
The district court of appeal reversed, holding section 23 unconstitutional for failing to provide a reasonable definition of the term "boats" as used in article VII, section 1(b), Florida Constitution. We agree with the reasoning of the district court and therefore affirm.
While the constitution gives the Legislature the authority to define "boats" and the other species of property excluded by article VII, section 1(b) from ad valorem taxation, the authority is not unlimited and must be exercised in a reasonable manner. The flexibility thus granted to the Legislature does not empower it to depart from the normal and ordinary meaning of the words chosen by the framers and adopters of the constitution. See, e.g., State v. Florida State Improvement Commission, 47 So.2d 627 (Fla. 1950); City of Jacksonville v. Glidden Co., 124 Fla. 690, 169 So. 216 (1936). The definitional flexibility was provided because it is conceivable that floating structures might be endowed with characteristics which completely differentiate them from the historic and popularly understood concept of a "boat." The Legislature's definitional attempt, however, has failed to make such a reasonable differentiation. It has simply decreed that when the transportational or navigational use of a boat is secondary to other uses, the boat will be subject to ad valorem taxation instead of a license tax.
In Palethorpe v. Thomson, 171 So.2d 526 (Fla. 1965), this Court declined to accept the Legislature's determination that house trailers were included within the definition of motor vehicles for purposes of the constitutional exclusion from ad valorem taxation.
The use of the terms "house trailer" and "housing accommodations" imputes connotations contrary to the status of an exempt motor vehicle. In our opinion the language employed falls short of language sufficient to bring house trailers eo nomine into the constitutionally exempt class per se. In reaching this conclusion, we necessarily take into consideration common knowledge concerning the nature and use of house trailers.
Id. at 531.[1] In the instant case, the legislative words fall short of language sufficient *20 to take "live-aboard vessels" out of the constitutionally excluded class.
We approve the reasoning of the district court that the Legislature's definition of "live-aboard vessels" has not successfully created a concept that differentiates such vessels from the term "boats" as used in the constitution. The constitutional exclusion may not be denied to floating structures that are used, or are capable of being used, for transportation or navigational purposes on water. If a floating structure, ostensibly a "boat" as ordinarily understood, is somehow rendered incapable of such uses, then the Legislature may, under article VII, section 1(b), declare that it is not a "boat."
The decision of the district court is affirmed and the case is remanded for further proceedings in accordance with the district court's mandate.
It is so ordered.
SUNDBERG, C.J., and ADKINS and OVERTON, JJ., concur.
McDONALD, J., concurs in result only.
ALDERMAN, J., dissents.
NOTES
[1] See Art. IX, § 13, Fla. Const. (1930). In 1965, after Palethorpe, the constitution was amended so that house trailers were included in the definition of motor vehicles. The 1968 revision brought about the present language excluding motor vehicles, boats, airplanes, trailers, trailer coaches, and mobile homes from ad valorem taxation. Art. VII, § 1(b), Fla. Const.