NESBITT, Judge.
The appellants, all owners of houseboats, appeal from the trial court’s order upholding the Department of Revenue’s assessment of ad valorem taxes against them. We affirm.
The Department of Revenue, relying upon section 192.001(17), Florida Statutes (1985), determined that the houseboats in question were excluded from the definition of “boats,” under section 327.02(27), Florida Statutes (1985), and therefore were not entitled to the exemption from ad valorem taxation granted to “boats” by Article VII, section 1(b) of the Florida Constitution. The appellants contest the constitutionality of section 192.001(17). They contend that it is an invalid attempt by the legislature to exclude certain vessels from the article VII tax exemption. Furthermore, according to the appellants, even if section 192.001(17) is constitutional, the evidence showed that their houseboats were capable of being used for transportation, and therefore they contend that they are entitled to the tax exemption. We disagree.
Section 192.001(17) states:
“[floating structure” means a floating barge-like entity, with or without accommodations built thereon, which is not primarily used as a means of transportation on water but which serves purposes or provides services typically associated with a structure or other improvement to real property. The term “floating structure” includes, but is not limited to, each entity used as a residence, place of business, office, hotel or motel, restaurant or lounge, clubhouse, meeting facility, storage or parking facility, mining platform, dredge, dragline, or similar facility or entity represented as such. Floating structures are expressly excluded from the definition of the term “vessel” provided in § 327.02(27). Incidental movement upon water shall not, in and of itself, preclude an entity from classification as a floating structure. A floating structure is expressly included as a type of tangible personal property.
The appellants contend that by excluding only “floating structures” which are not used primarily for transportation from application of this statute, the legislature intended this statute to apply to “floating structures” which are capable of transportation, so long as the transportation usage is not primary. This, the appellants assert, directly conflicts with the holding in Department of Revenue v. Florida Boaters Ass’n, Inc., 409 So.2d 17 (Fla.1981), that only structures incapable of transportation or navigational uses may be excluded from the constitutional tax exemption afforded “boats.” Although such a statutory interpretation would conflict with Florida Boaters Ass’n, Inc., we do not agree with the appellants’ interpretation of the statute.
If there is any reasonable interpretation which may be applied to a statute which would allow this court to uphold its constitutionality, we are obliged to construe the statute in that fashion. VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880 (Fla.1983); Southeast Volusia Hosp. v. Department of Ins., 478 So.2d 820 (Fla. 1st DCA 1985); Hospital Bd. of Directors of Lee County v. McCray, 456 So.2d 936 (Fla. 2d DCA 1984); Gulfstream Park Racing Ass’n, Inc. v. Department of Business Regulation, 443 So.2d 113 (Fla. 3d DCA), aff'd, 441 So.2d 627 (Fla.1983). Additionally, all doubts regarding the proper construction of a statute must be resolved in favor of a constitutional interpretation. State v. Saiez, 469 So.2d 927 (Fla. 3d DCA 1985); Zerweck v. Commission on Ethics, 409 So.2d 57 (Fla. 4th DCA 1982).
In Florida Boaters Ass’n, Inc., 409 So.2d at 17, our supreme court struck down the legislature’s previous attempt to exclude certain “live-aboard vessels” from the tax exemption provided for “boats” in the constitution. The court recognized, however, that the legislature is empowered by article VII, section 1(b), to exclude certain “floating structures^] ... endowed with characteristics which completely differentiate them from the historic and popularly understood concept of a ‘boat’,” from the constitutional tax exemption. 409 So.2d at *608 19, 20. We find that section 192.001(17) may be reasonably interpreted to comport with this holding.
Section 192.001(17), in the first sentence, lists the characteristics of a “floating structure” which differentiate it from a “boat.” These definitional terms are not exclusive and are intended only to describe the type of structure which may fall within the ambit of this section. This does not mean that all structures “not primarily used as a means of transportation on water” are “floating structures.” Rather, we must assume that the legislature intended that phrase only as an aid in describing a “floating structure,” and did not intend to include any structure which is capable of transportation on water. Therefore, a reasonable interpretation of this statute is that a barge-like entity which has the characteristics associated with real property, rather than the characteristics associated with structures commonly used primarily for transportation, may be excluded from the definition of a vessel provided in § 327.-02(27) if it is incapable of transportation or navigational uses.
The statute also states that “[i]nci-dental movement upon the water shall not, in and of itself, preclude an entity from classification as a floating structure.” Our interpretation is supported by the fact that implicit in this statement is a recognition that structures capable of transportation or navigation may not be classified as floating structures, but that incidental movement is not synonymous with transportation and does not automatically make a structure a “boat.” Instead, if a structure is capable of movement upon the water, the facts of the case must be reviewed to determine if the movement constitutes “transportation.” Because this statute does not classify structures capable of transportation as floating structures, it does not conflict with the constitutional tax exemption provided to boats in article VII. See Florida Boaters Ass’n, Inc., 409 So.2d at 19. Since the legislature is empowered to exclude these types of structures from the definition of a “boat,” Art. VII, § 1(b), we find that section 192.001(17) is a constitutional exercise of that authority. Cf Florida Boaters Ass’n, Inc., 409 So.2d at 20.
Finally, the trial court's finding, that the houseboats in question are not capable of transportation, is supported by the record. According to the appellants’ own testimony, the houseboats are not used for transportation, but serve only one purpose: that is, to provide a place of residence for the appellants. The houseboats do not have any means of self-locomotion, nor are they equipped with the necessary equipment for boating, such as the required lighting, horns, radios, or directional aids. Furthermore, the appellants testified that they could not merely attach outboard motors to their boats in order to move them, since this would be impractical, both because the cost would be astronomical and because they would be unable to steer the structures. In order to move their houseboats, the appellants must hire at least one tugboat, and in most cases two, to drag the structures across the water. Although these structures may be modified at great expense to be made capable of transportation, as they exist now, they are clearly incapable of transportation, and any movement across the water through the use of a tugboat must be considered incidental. Therefore, these structures may properly be excluded from the constitutional tax exemption afforded “boats.”
We find that section 192.001(17) constitutionally excludes “floating structures” from the definition of “boats,” and that there is competent and substantial evidence to support the trial court’s conclusion that the houseboats in the present case fit within the definition of “floating structures” as defined by section 192.001(17). Therefore, we conclude that the trial court correctly upheld the Department of Revenue’s tax assessment. Accordingly, the judgment under review is
Affirmed.