ON MOTION FOR REHEARING
In seeking rehearing appellants assert, among other contentions, that the doctrine of judicial estoppel should apply in this case. While Taylor v. Kenco Chemical & Manufacuring Corp., 465 So.2d 581 (Fla. 1st DCA 1985), which is cited in our opinion on the merits, involves equitable estoppel, we have not overlooked appellants’ argument with regard to the doctrine of judicial estoppel. The prejudice necessary for equitable estoppel is a factor which may also be considered in addressing the applicability of judicial estoppel. See generally, McCurdy v. Collis, 508 So.2d 380 (Fla. 1st DCA 1987), rev. denied 518 So.2d 1274 (Fla.1988). The prior case of Palethorpe v. Thomson, 171 So.2d 526 (Fla.1965), which appellants urge for judicial estoppel, involves a different taxing statute than the present case, and subsequent legislative and constitutional changes have intervened since that decision. Appellants were not parties or otherwise notice or represented in Palethorpe. In this context the doctrine of judicial estoppel does not apply, and appellants’ motion for rehearing is denied.
SMITH, C.J., and WIGGINTON, J., concur.