Dear Ms. Faux:
You ask the following question:
May a property owner who resides in and receives a homestead tax exemption on a primary residence with a spouse also qualify for a homestead tax exemption on a separate residence that she owns and maintains as the permanent residence of a 19-year-old child that she claims is naturally dependent upon her for support?
Information attached to your request reflects that the individual requesting homestead lived with her husband in a home at which she and her husband established a homestead exemption from approximately 1999 through January 2007. They purchased the house next door in January 2007, moving in and making it their new permanent residence and claiming a homestead exemption on the property in January 2008. They have retained ownership of the first home. Both parcels are asserted to be owned as tenants by the entirety, with the husband claiming homestead on the newly purchased home and the wife wishing to maintain the homestead exemption on the former home since the couple's 19-year-old son, who it is claimed is naturally dependent upon the wife for his support, resides there.[1]
Section 6, Article VII, Florida Constitution, in pertinent part, provides:
"(a) Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon . . . upon establishment of right thereto in the manner prescribed by law. . . .
(b) Not more than one exemption shall be allowed any individual or family unit . . ."
The Legislature has implemented the provisions in section 6, ArticleVII, Florida Constitution, in section 196.031(1), Florida Statutes:
"Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. Such title may be held by the entireties, jointly, or in common with others, and the exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear. If only one of the owners of an estate held by the entireties or held jointly with the right of survivorship resides on the property, that owner is allowed an exemption of up to the assessed valuation of $5,000 on the residence and contiguous real property. However, no such exemption of more than $5,000 is allowed to any one person or on any one dwelling house, except that an exemption up to the assessed valuation of $5,000 may be allowed on each apartment or mobile home occupied by a tenant-stockholder or member of a cooperative corporation and on each condominium parcel occupied by its owner. Except for owners of an estate held by the entireties or held jointly with the right of survivorship, the amount of the exemption may not exceed the proportionate assessed valuation of all owners who reside on the property. Before such exemption may be granted, the deed or instrument shall be recorded in the official records of the county in which the property is located. The property appraiser may request the applicant to provide additional ownership documents to establish title."
The Florida Department of Revenue has construed this statutory provision in Rule 12D-7.007, Florida Administrative Code. Pertinent to your inquiry, the rule states:
"(1) For one to make a certain parcel of land his permanent home, he must reside thereon with a present intention of living there indefinitely and with no present intention of moving therefrom.
* * *
(4) A person not residing in a taxing unit but owning real property therein may claim such property as tax exempt under Section 6, Article VII of the State Constitution by reason of residence on the property of natural or legal dependents provided he can prove to the satisfaction of the property appraiser that he claims no other homestead tax exemptionin Florida for himself or for others legally or naturally dependent uponhim for support. It must also be affirmatively shown that the natural or legal dependents residing on the property which is claimed to be exempt by reason of a homestead are entirely or largely dependent upon the landowner for support and maintenance.
(5) The Constitution contemplates that one person may claim only onehomestead exemption without regard to the number of residences owned byhim and occupied by "another or others naturally dependent upon"such owner. This being true no person residing in another county should be granted homestead exemption unless and until he presents competent evidence that he only claims homestead exemption from taxation in the county of the application.
* * *
(7) A married woman and her husband may establish separate permanent residences without showing "impelling reasons" or "just ground" for doing so. If it is determined by the property appraiser that separatepermanent residences and separate "family units" have been establishedby the husband and wife, and they are otherwise qualified, each may begranted homestead exemption from ad valorem taxation under Article VII, Section 6, 1968 State Constitution. The fact that both residences may be owned by both husband and wife as tenants by the entireties will not defeat the grant of homestead ad valorem tax exemption to the permanent residence of each." (e.s.)
While this office and the courts of this state have recognized that a married husband and wife may, in particular circumstances, claim separate homesteads in order to gain separate homestead tax exemptions, the underlying condition to such a situation is that the husband and wife have established "separate permanent residences"and "separate family units" for purposes of claiming the homestead tax exemption.
In Attorney General Opinion 2005-60, a property appraiser asked whether separate homestead tax exemptions could be granted to a married woman and her husband who owned two separate residences, when the couple lived within easy driving distance and claimed to be two separate family units. While concluding that two homestead tax exemptions could be granted to the two applicants, the opinion notes that such applicants who otherwise qualify for such an exemption are granted the exemption "upon establishment of right thereto."[2] Thus, in order for there to be entitlement to a homestead tax exemption, an individual must show ownership of the home, residence therein, and the making of such residence as the permanent home in good faith.[3]
A long line of authority holds that a constitutional provision or statute creating a tax exemption must be construed strictly against those claiming to fall within the terms of the exemption.[4] It would appear that under the circumstances you have presented, the husband and wife have not established "separate permanent residences" and "separate family units" by the fact that their 19-year-old son who is supported by his mother lives in the house next door. This office has not been directed to a court decision or statutory provision indicating that a spouse may claim a separate homestead exemption while the husband and wife are living together in a single permanent residence.[5] Moreover, the opinions of this office and the courts, as well as the plain language of the Florida Constitution, allow only one homestead tax exemption to be claimed by an individual or a family unit.
Accordingly, it is my opinion that a property owner who resides in and receives a homestead tax exemption on a primary residence with her spouse does not qualify for a homestead tax exemption on a separate residence that she owns and maintains as the permanent residence of a 19-year-old child who she claims is naturally dependent upon her for support.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] The husband at one point states "our middle child" in referring to the 19-year-old, then uses "my wife's son" later in the scenario when stating that the son is naturally dependent upon the wife. It is assumed for purposes of this opinion that the son is the natural child of the husband and wife.
[2] See Horne v. Markham, 288 So. 2d 196, 199 (Fla. 1973); Op. Att'y Gen. Fla. 03-11 (2003).
[3] See, e.g., Schooley v. Judd, 149 So. 2d 587 (Fla. 2d DCA 1963),cert. denied, 155 So. 2d 615 (Fla. 1963), reviewed on othergrounds, 158 So. 2d 514 (Fla. 1963); Op. Att'y Gen. Fla. 02-19 (2002).
[4] See Palethorpe v. Thomson, 171 So. 2d 526, 532 (Fla. 1965);Steuart v. State ex rel. Dolcimascolo, 161 So. 378, 379 (Fla. 1935);Schooley v. Judd, supra. See also Parrish v. Pier Club Apartments,LLC, 900 So. 2d 683, 685 (Fla. 4th DCA 2005) (statutes that provide for an exemption for ad valorem tax are to be strictly construed).
[5] Cf. Schooley v. Judd, supra.